## KILGORE NATIONAL BANK V. MOORE BROTHERS LUMBER COMPANY.

No. 6804.   Decided March 3, 1937.
(102 S. W., 2d Series, 200.)

*H. O. Gossett,* of Kilgore, and *Ocie Speer,* of Austin, for plaintiff in error.

The acceptance of a bill or check must be in writing and

signed by the drawee, and must not express that the drawee will perform his promise to answer for the debt of another except in money. Leach v. Mechanics Saving Bank, 202 Iowa 899, 50 A. L. R. 388, 211 N. W. 506; Neuman v. Schroeder, 8 S. W. 632; First Natl. Bank v. Sanford, 228 S. W. 650; First Natl. Bank v. Citizens' Natl. Bank, 38 S. W. (2d) 648.

*M. M. Williams, Eugene H. Murphy,* both of Longview, for defendant in error.

The pleadings and proof in the case establish an equitable assignment of the fund in controversy, and the liability of the bank. First Natl. Bank v. Texas Moline Plow Company, 168 S. W. 420; Slaughter v. First Natl. Bank of Lamesa, 18 S. W. (2d) 754.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

J. O. Waddell had on deposit in the Kilgore National Bank of Kilgore, Texas, (hereinafter called the bank) the approximate sum of $350.00. He applied to Moore Brothers, a firm engaged in the lumber business at Grand Saline, Texas, for the purchase of some lumber. In payment for the lumber, he tendered two checks drawn by him against the bank in favor of Moore Brothers. The amount of the two checks was approximately $350.00. Before accepting the checks or delivering the lumber, G. J. Moore, a member of said firm, telephoned the bank at Kilgore and asked if the checks were good. A representative of the bank told him that Waddell had a sufficient amount of money on deposit in the bank to pay the checks, and that the checks would be paid. Thereupon the sale of the lumber was completed. The two checks were deposited by Moore Brothers in a bank at Grand Saline for collection. A few days later that bank notified Moore Brothers of the fact that the checks had been forwarded for collection, but had been returned unpaid. Thereupon G. J. Moore sought out Waddell and took him in a car to Kilgore where the following transaction occurred between Waddell, Moore, and the cashier of the Kilgore bank: Waddell gave instructions for the bank to pay the checks. The cashier promised Moore that the checks would be paid when presented again. On the ledger of the bank in connection with the Waddell account, the cashier made the unsigned notation, "Hold for Moore Brothers $350.00." Moore, on returning to Grand Saline, instructed the bank there to forward again the checks for collection. The checks were duly forwarded and one was paid by the Kilgore bank. The other check was not paid for

the reason that Waddell had, in the meantime, instructed the bank not to pay same. This suit is by Moore Brothers against the bank to recover the amount of the last mentioned check. On the foregoing facts, the trial court gave judgment in favor of Moore Brothers for the amount sued for. The bank appealed and the Court of Civil Appeals affirmed the judgment. 74 S. W. (2d) 141. The bank has been duly granted the writ of error on the ground of conflict of the decision.

It is contended that because the oral agreement, which occurred between Waddell, Moore Brothers, and the bank, regarding the payment of the checks, was independent of and in addition to the checks themselves, the said agreement had effect as an assignment to transfer to Moore Brothers the funds on deposit in the bank to the credit of Waddell. This contention involves consideration of various provisions of the Negotiable Instruments Act. See Sections 185, 189, R. S. Art. 5947 and Section 132, Art. 5941. The sections of primary importance are 132 and 189, therefore they will be set out in full.

1 The provisions of Section 132 apply to a check as well as to an ordinary bill of exchange. See Sec. 185. Sections 132 and 189 read as follows:

"Sec. 132. The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

"Sec. 189. A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

2 The plain purpose of these statutes is to prevent any liability to the holder of a check from arising from the bare oral promise of the drawee bank to pay the check. It is equally plain that in the present case liability of the bank to Moore Brothers—whether the transaction from which such liability is claimed to have arisen be called an assignment or anything else—depends entirely on the bare oral promise of the bank to pay the checks. The notation on the bank's ledger which reads "Hold for Moore Brothers, $350.00," adds no force to the bank's promise. In the transaction, the bank made no contract, either orally or otherwise, to pay the amount of the checks to Moore Brothers. It gave its oral promise to pay the checks, but this, standing alone, is insufficient under the statutes to charge the

bank with liability.

We approve the ruling of the Court of Civil Appeals for the Fourth District in First National Bank of Mathis v. Dickson, 59 S. W. (2d) 179, with which the ruling of the Court of Civil Appeals in the present case conflicts.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and judgment is here rendered for the plaintiff in error.

Opinion adopted by the Supreme Court March 3, 1937.