## STATE v. REMBERT NAT. BANK OF LONGVIEW.

### No. 5214.

Court of Civil Appeals of Texas. Texarkana.

May 4, 1938.

Rehearing Denied May 12, 1938.

Wm. McCraw and Pat M. Neff, Jr., both of Austin, for appellant.

Saye & Saye and Hatchell & Hatchell, all of Longview, for appellee.

WILLIAMS, Justice.

This is an appeal from a "garnishment before judgment" action instituted by appellant, the State of Texas, against the Rembert National Bank of Longview, Texas, garnishee, to impound funds in said bank of the Dominant Refining Company, a part of which the De Soto Crude Oil Purchasing Corporation, which was interpleaded by garnishee, answered and asserted a claim to by virtue of an assignment. The De Soto Crude Oil Purchasing Corporation will hereinafter be referred to as the De Soto Corporation. The garnishment proceeding was originally instituted on December 23, 1935, in the 98th District Court of Travis County ancillary to a suit filed by appellant at the same time against said Refining Company and others in which appellant sought a recovery for alleged delinquent gasoline taxes, penalties and interest, for foreclosure of its alleged statutory lien to secure such taxes, and for the appointment of a receiver over the properties of said defendants in that suit, including moneys or funds standing to their credit in banking institutions. The writ of garnishment was duly served on garnishee on December 24, 1935.

The De Soto Corporation in its answer in the Gregg County District Court claimed that $2,196.05 of the amount standing to the credit of said Refining Company was not impounded by the garnishment of appellant, but belonged to it by virtue of a check in said amount which was presented to the garnishee bank for payment before the service of the writ of garnishment under such facts and circumstances as amounted to an assignment pro tanto of such bank account.

The trial court's judgment recites that garnishee bank is now in possession of $2,440.79, holding same as a stakeholder; authorized deposit of same in the registry of the court; decreed that the sum of

$2,196.05 had been assigned to the De Soto Corporation prior to the service of the writ of garnishment on December 24th, awarded it judgment for this amount as against all parties and ordered the clerk to pay same; decreed the remaining amount to remain in the registry of the court until final determination of the main suit; awarded Hatchell and Campbell attorney's fees of $250 for representing the garnishee; and taxed costs against appellant.

The Refining Company issued its check in the sum of $2,196.05 drawn on the said garnishee bank of Longview, Texas, payable to the order of the De Soto Corporation.. This check bears date of issuance as of December 20, 1935. In the face of the check the following memorandum appears:

"This check is in full settlement of account as shown hereon.
Acceptance by endorsement constitutes receipt in full.

| Ticket # 6 | 895.31 | | |
| Ticket # 7 | 1101.10 | 1,996.41 | |
| | | @ $1.10 | $2,196.05." |

The De Soto Corporation endorsed same, viz.: "Pay to the order of First National Bank, Shreveport, Louisiana," and deposited it on December 21st with the bank for collection. This check reached garnishee bank by mail on Sunday, December 22nd.

■ The check was in garnishee bank when it opened for business on Monday, December 23rd, at which time there stood to the credit of the Refining Company on deposit in a general checking account a sum more than sufficient to have met the check. Garnishee claimed no debt lien or set-off against these funds then or at the time of the trial. When the bank opened for business on the 23rd, appellant's attorney informed said garnishee in person and by telephone that garnishment proceedings had been filed against it to impound any funds held by it to the credit of said Refining Company. On the same day the Clerk of Travis County District Court wired said garnishee that a writ of garnishment to be served on it was in the mails. These notices just detailed did not serve to impound the funds of the Refining Company. The actual service of a writ of garnishment by an officer upon the garnishee is necessary. Article 4084, R.C.S. 1925; 20 Tex.Jur. p. 792; Beggs v. Fite, Tex.Sup., 106 S.W.2d 1039; Insurance Co. of North America v. Friedman Bros., 74 Tex. 56, 11 S.W. 1046.

■ An officer of the bank testified that, having received these notices, garnishee, instead of accepting or paying and remitting, refused payment and returned the check to the Shreveport bank, but at the same time "ear-marked or set over" the sum of $2,196.05 for the use and benefit of the De Soto Corporation. Further than the use of the expressions "ear-marked or set over", the testimony does not disclose how or in what way this was done. The check bears a notation in pencil, "Account garnisheed." The garnishee would have promptly paid this check and remitted on it had it not been for the notices given it on the 23rd. Notwithstanding what they would have done, garnishee bank did not accept, pay, nor remit on the check. At the time of the trial garnishee admitted possession of these funds and tendered same into the registry of the court to be disposed of by the court.

Section 189, Article 5947, R.C.S.1925, provides:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

In Central Texas Exchange National Bank of Waco v. First National Bank of Waco, Tex.Civ.App., 243 S.W. 998, writ refused Tex.Civ.App., 246 S.W. 111, the court in discussing above article of the Uniform Negotiable Instrument Act, stated (page 1002): " * * * we think the statute is plain and unambiguous, and prescribes a legal standard for determining when an assignment results by which we are bound." The latter provision of the above article was construed in the late case of Kilgore National Bank v. Moore Bros. Lumber Co., 102 S.W.2d 200, an opinion adopted by the Supreme Court, wherein it is said (page 201):

"The plain purpose of these statutes is to prevent any liability to the holder of a check from arising from the bare oral promise of the drawee bank to pay the check. It is equally plain that in the present case liability of the bank to Moore Brothers—whether the transaction from which such liability is claimed to have arisen be called an assignment or anything else—depends entirely upon the bare oral promise of the banks to pay the checks.

The notation on the bank's ledger which reads, 'Hold for Moore Brothers, $350,' adds no force to the bank's promise."

The first part of said article reads: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank." This provision is clear, and under its provision and the authorities we have discussed we conclude that under the facts and circumstances herein detailed, the execution and delivery of said check to the De Soto Corporation did not create an assignment of these funds as between the drawer, drawee and payee. They 'were impounded by the levy of the writ of garnishment served on garnishee on December 24th.

This record in no wise intimates any collusion between the Refining Company and the De Soto Corporation in the execution and delivery of the check, but, on the contrary, indicates merely a business transaction in which a debtor had issued its check in payment for merchandise theretofore purchased. There is no intimation from the record that the amount standing to the credit of the Refining Company on the books of garnishee was a special deposit in said bank for a specific purpose. The record is silent and does not disclose from what source the Refining Company obtained and deposited these funds, or when. The facts detailed in Kilgore National Bank v. Moore Bros. Lumber Co. supra, are much stronger than here to have created an equitable assignment of a special fund as discussed in Slaughter v. First National Bank of Lamesa, Tex.Civ.App., 18 S.W.2d 754, and Hatley v. West Texas National Bank, Tex. Com.App., 284 S.W. 540. And if the equitable assignment doctrine discussed in Slaughter v. First National Bank, supra, and Hatley v. West Texas National Bank, supra, has not been overruled in the decision of Kilgore National Bank v. Moore Bros. Lumber Co., supra, the facts here do not fall within the category of an equitable assignment of a special fund under consideration in those cases.

Appellant contends that upon appointment of the receiver of the assets of the Refining Company by the Travis County District Court on December 23rd, such order eo instanti operated to impound and bring within the constructive possession of such receiver and within the exclusive jurisdiction of said court all such assets including these funds, and therefore the Travis County District Court became vested with exclusive jurisdiction in adjudicating the conflicting claims between appellant, the Refining Company, and the De Soto Corporation. The garnishee bank in response to the writ of garnishment answered to the Travis County District Court. Appellant filed a controverting affidavit. That court upon hearing of garnishee's motion to dismiss or transfer the cause, transferred the garnishment proceeding to the Gregg County District Court without prejudice to the rights of either party. Appellant did not appeal from the action of that court. When appellant controverted the answer of garnishee that court lost jurisdiction of the cause and it vested in the Gregg County District Court, the county of garnishee's domicile. Articles 4095 and 4096, R.C.S. of Texas; 20 Tex.Jur., p. 158; American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; Citizens' Nat. Bank v. First Nat. Bank, Tex.Civ. App., 14 S.W.2d 1043, writ refused; Reed v. First State Bank, Tex.Civ.App., 211 S.W. 333. After the order had been entered transferring the garnishment proceedings to Gregg County, appellant amended and made garnishee and the De Soto Corporation parties defendant in the main suit. Subsequent thereto, the Travis County District Court sustained garnishee's plea of abatement to appellant's amended cause of action. No appeal was taken. We conclude that the action of the Travis County District Court in transferring the cause and sustaining the plea in abatement was final as to the contentions now asserted by appellant. And the action of the Gregg County District Court in overruling appellant's plea to the jurisdiction is sustained.

Garnishee tendered and was authorized to deposit the aggregate amount on deposit into the registry of the court. Garnishee was allowed $250 compensation for attorney's fees for representation to be taxed and collected as costs of appellant. No assignment of error is urged to this action, and the judgment as to same is affirmed. The Dominant Refining Company made no contest in the garnishment suit and this action resolves itself down to a contest between plaintiff and the De Soto Crude Oil Purchasing Corporation. That part of the judgment which decrees to the De Soto Crude Oil Purchas-

ing Corporation title to the $2,196.05 is reversed and remanded to await the disposition of the Travis County suit, after which trial may be had as to title of the funds here impounded.

The judgment is affirmed in part, and reversed and remanded in part.