with the bank on November 2nd when defendant delivered to J. D. Stringer, its president, a note in the approximate sum of $3,000, with instructions for the bank to attach same to a draft and forward to a Houston bank for collection. Also defendant instructed Stringer to pay certain checks, including above one, out of the proceeds if and when collected. Stringer attached the $3,000 note to a draft for transmission, and at the same time made out a deposit slip for the amount in favor of "J. D. Stringer, Special." Stringer personally looked after all defendant's business with the bank. The employees had orders not to honor any check or draft of defendant until instructed to do so by Stringer. The Tyler bank was advised by wire at 3:05 p. m., November 3rd, that the draft had been paid. Plaintiff was not advised of and had no knowledge of these transactions or of any instructions given by defendant to Stringer when this suit was filed on November 3, 1937, between 2 and 4:20 p. m. Remittances between the two banks were usually made by balancing of the respective accounts. Following this custom, the Tyler bank received a "credit advice" on November 5th, and on the same date charged the account of the Houston bank with the amount of the draft.

Before closing hours on November 4th Stringer instructed the exchange teller to issue a cashier's check payable to plaintiff. The cashier's check is still in possession of the bank. The check executed by defendant was signed "Yandell Rogers." Stringer testified that he wrote "J. D. Stringer. Spec." over that signature on the check for the purpose of charging the check to the deposit of "J. D. Stringer, Spec." It was charged to the latter account on November 6, 1937. Plaintiff was not a customer of drawee bank. The bank had theretofore issued cashier's checks to plaintiff upon the collection of checks executed by others and left with it for collection.

We need not determine if receipt of the telegraphic advice at 3:05 p. m. on November 3rd of the draft having been paid to the Houston bank was the equivalent in law to a deposit of funds at that time in drawee bank to the credit of Yandell Rogers. If it be considered that Yandell Rogers then had funds on deposit in drawee bank in the name of "J. D. Stringer, Spec.", the drawee bank had done nothing prior

to November 4th, the day after suit was filed, in accepting or paying the check. On this latter date the cashier's check was issued payable to plaintiff. Until the cashier's check was issued or drawee bank had otherwise accepted or certified the check, it did not become liable to plaintiff as debtor. Kilgore National Bank v. Moore Bros. Lumber Co., 129 Tex. 92, 102 S.W.2d 200; State of Texas v. Rambert National Bank, Tex.Civ.App., 118 S.W.2d 400. Until such was done, defendant could have stopped payment. Defendant had appointed J. D. Stringer under the special arrangement to make a certain collection and pay this check. This agent of his did not pay or authorize its payment until after suit was filed. Plaintiff had not constituted Stringer its agent to collect the check. It is therefore concluded that the check had not been paid prior to filing of this suit. Articles 5947, Sec. 185; 5940, Sec. 127; 5941, Sec. 132; and 5947, Sec. 189, of R.C.S. of 1925; 9 C.J.S. Banks & Banking, page 692, § 344, page 501, § 245.

The judgment of the trial court is reversed, and, pursuant to agreement of litigants upon such event, judgment is here rendered that plaintiff recover of and from defendant the sum of $179.98 with 10% interest per annum from January 25, 1938, and for foreclosure of its mortgage lien on the Dodge automobile therein described.

