## FARMERS STATE BANK OF CENTER
## v. LATHAM.
### No. 6105.

Court of Civil Appeals of Texas. Texarkana.
May 31, 1944.

Rehearing Denied June 8, 1944.

Howard S. Motley, of Tenaha, and Mc-Leroy & McLeroy, of Center, for appellant.

E. B. Lewis, of Center, and Sam T. Holt, of Carthage, for appellees.

HALL, Chief Justice.

On October 28, 1935, appellant recovered a judgment in Justice's Court, Precinct No. 1, Shelby County, Texas, against Jewel Reynolds and another in the sum of $195.34, together with cost, interest and attorney's fee. This judgment was not satisfied, and on September 6, 1943, amounted to $355.28. On August 2, 1943, appellant caused a writ of garnishment to be issued, directed to First State Bank, Carthage, Panola County, Texas, seeking to impound certain funds on deposit in said bank in the name of Jewel Reynolds. The writ of garnishment was served on August 3, 1943, and the garnishee timely answered that it held on deposit in the name of Jewel Reynolds the sum of $310.15. On August 23, 1943, the Justice's Court, Precinct No. 1, Shelby County, entered judgment against the garnishee in the garnishment proceeding for the sum of $310.15. On August 28, 1943, upon motion of appellee Latham and Jewel Reynolds the judgment in garnishment was set aside and appellee Latham filed his petition in intervention, claiming to own $205 of the amount of funds on deposit with garnishee in the name of Jewel Reynolds. To appellee's intervention appellant leveled a plea in abatement. The cause was set for hearing September 6, 1943, and on that day judgment was entered by the Justice's Court sustaining appellant's plea in abatement to the intervention and entered a similar judgment against the garnishee to that entered on August 23, 1943. Appellee gave notice of appeal from that judgment to the County Court of Shelby County but the appeal was not perfected and the judgment of the Justice's Court became final.

This suit was instituted by appellee in the District Court of Panola County against appellant, a resident of Shelby County; First State Bank of Carthage, Garnishee; and Jewel Reynolds, both residents of Panola County, in which it was

alleged that Jewel Reynolds was a tenant of appellee on one. of his farms and that $205 of the deposit held by garnishee in the name of Jewel Reynolds was in fact the property of appellee, being a portion of the rent due him by Reynolds. Appellee also sought attorney's fee against appellant incurred by him in bringing this suit. To this cause of action appellant filed its plea of privilege to be sued in Shelby County, the county of its residence. The trial court overruled the plea of privilege, hence this appeal.

Appellant asserts that the trial court erred in overruling its plea of privilege for the following reasons, among others: Appellee wholly failed to allege and establish a cause of action (a) against the resident defendants; (b) against all defendants jointly. Jewel Reynolds was a tenant of appellee on one of his farms in Panola County and during the year 1943 was engaged in raising tomatoes for the market. Under such tenancy contract appellee furnished the land, farming tools, seed, teams and fertilizer. Reynolds performed the work of raising, harvesting, and marketing the crop, each receiving one half the proceeds derived therefrom. When Reynolds sold the tomato crop the money received therefrom was deposited to his credit in the First State Bank of Carthage. Reynolds gathered and sold the tomato crop and deposited the money in his name in the Carthage bank with the knowledge and consent of appellee. This was the situation when appellant caused the writ of garnishment to issue and be levied against the Carthage bank. On July 25, 1943, some eight or nine days before the levy of the writ of garnishment, in the final settlement of their farm account, Reynolds delivered to appellee a check for the balance of appellee's half of the proceeds from the crop, amounting to $205. This check was not presented by appellee to the Carthage bank until after the levy of the writ of garnishment on August 3d, and the filing of the bank's answer in garnishment showing the amount of money it held on deposit in the name of Reynolds. As heretofore stated, judgment was entered by the Justice's Court of Shelby County for the amount of the Reynolds deposit against the garnishee, Carthage bank. After an unsuccessful attempt to intervene in the Justice's Court suit by appellee and Reynolds, judgment became final on September 6, 1943. No appeal was perfected from this judgment, and

on September 11, 1943, in obedience thereto the garnishee delivered into the Justice's Court the fund it held in the name of Jewel Reynolds. The above facts are uncontroverted.

The check of July 25, 1943, given by Reynolds to appellee for $205 as appellee's remaining part of the rent did not operate as an assignment of that amount of money in the Carthage bank in the name of Reynolds. R.S. Article 5947, Sec. 189; Kilgore National Bank v. Moore Bros. Lbr. Co., 129 Tex. 92, 102 S.W.2d 200; State v. Rembert National Bank of Longview, Tex.Civ.App., 118 S.W.2d 400.

To maintain venue in Panola County it was, as against appellee, a resident of Shelby County, incumbent upon appellee to allege and prove a prima facie cause of action against either or both the resident defendants. Jax Beer Co. v. Palmer, Tex.Civ.App., 150 S.W.2d 452; Sims v. Callihan, Tex.Civ.App., 39 S.W.2d 153; Id., Tex.Civ.App., 40 S.W.2d 869. Plaintiff's petition contained no prayer for any judgment or recovery against Reynolds, the tenant, a resident of Panola County and no effort was made to establish a cause of action against him. All the evidence has reference to the Carthage bank of Panola County, and we have concluded that it falls short of establishing a cause of action against said bank. The evidence is undisputed that the Carthage bank, garnishee, paid the money on deposit with it in the name of Jewel Reynolds into the Justice's Court of Shelby County in obedience to a valid final judgment of that court, and while it is true that at the time garnishee paid over the money to the Justice's Court it had notice of appellee's claim, still there was. no other alternative offered it under the plain terms of the Justice's Court judgment. No effort was made by appellee to stay, supersede or restrain the execution of the Justice's Court judgment. This being the case, the Carthage bank was fully justified in paying into the Justice's Court of Shelby County the money it held in the name of Jewel Reynolds in satisfaction of the judgment against it as garnishee; and for this act it cannot under this record be held liable to appellee. It follows then, and we so hold, that appellee having failed to establish a cause of action against the Carthage bank, garnishee, and seeking no recovery as against Jewel Reynolds, both residents of Panola County, the plea of privilege of appellant to be sued in Shelby

County, the county of its residence, should have been sustained.

The judgment of the trial court is reversed and remanded with instructions to transfer this cause of action in so far as it affects appellant to the court in Shelby County, Texas, having jurisdiction of the matter in controversy.