**JEFFERSON COUNTY, Relator,**

v.

**Honorable James M. FARRIS, Judge, et al., Respondents.**

No. 7331.

Court of Civil Appeals of Texas, Beaumont.

Jan. 27, 1972.

W. G. Walley, Jr., Beaumont, for relator.

W. Everett Sanderson, Nederland, Long & Parker, Port Arthur, for respondents.

KEITH, Justice.

This is an original proceeding wherein Jefferson County seeks a writ of mandamus to compel Honorable James M. Farris, Judge of the County Court of Jefferson County at Law No. 2, to proceed to trial and judgment in a case pending upon the docket of said court.

 Our jurisdiction is invoked under the provisions of Art. 1824, Vernon's Ann. Civ.St., providing that, "Said Courts [of Civil Appeals] . . . may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause . . ." In this particular, the Supreme Court has concurrent jurisdiction with this court. Shamrock Fuel & Oil Sales Co. v. Tunks, 416 S.W.2d 779, 781 (Tex.Sup.1967). The remedy lies to enforce the performance of a ministerial act or duty and it will not issue to review or control the action of an inferior court involving discretion. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682 (1956); Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330, 332 (1961).

Jefferson County, operating an airport under the provisions of the Municipal Airports Act, has been granted the power of eminent domain. Art. 46d–2(a), V.A.C.S. Pursuant thereto, on June 18, 1970, it filed with the respondent judge its petition for the condemnation of what it designated as "a Clear Zone Approach Area . . . located Northwest of the end of the Northwest-Southeast runway of said Jefferson County Airport." A. Vernon Welch and wife, Katherine C. Welch and The Equitable Life Assurance Society of the United States were named as owners of, or claimed rights in and to, the real property therein mentioned.

Following the statutory procedure, the administrative proceedings so begun by relator were converted into a judicial proceeding which was docketed in the County Court at Law No. 2, under No. 26,018, Jefferson County vs. A. Vernon Welch, et al. Sanders v. City of Beaumont, 470 S.W.2d 80, 82 (Tex.Civ.App., Beaumont, 1971, error ref. n. r. e.).

Thereafter, numerous plaintiffs including the Welch respondents, brought suit in the District Court of Jefferson County naming Jefferson County as the sole defendant. Plaintiffs in the District Court action sought damages alleged to have been caused by reason of low flying aircraft over their property located near the Jefferson County Airport. The allegations of this petition have a remarkable similarity to the condensed statement of the pleadings found in City of Houston v. McFadden, 420 S.W.2d 811, 813 (Tex.Civ.App., Houston (14th Dist.), 1967, error ref. n. r. e.) and need not be further elaborated upon.

A trial of the condemnation case was continued in January 1971, when one of Welch's attorneys filed a motion for continuance based upon the provisions of Art. 2168a, V.A.C.S. In November 1971, the cause was continued again, this time upon the representation that defendants had not "had time to prepare the appraisal, which is needed so that defendants can adequately prepare their defense."

Upon November 30, 1971, Welch moved to consolidate the pending condemnation case with the District Court suit mentioned above; and alternatively, moved the court to "postpone this matter [the condemnation case] until the matter of Browne, et al vs. Jefferson County is tried in the District Court," representing that said District Court case could be tried in "August of 1972."

On November 30, 1971, the respondent judge entered an order in the condemnation case reading in part as follows:

"ORDERED that this cause be, and the trial of the same is hereby postponed until final judgment shall be rendered in

cause number D-95, 305, styled William B. Browne, et al vs. Jefferson County pending in the District Court of Jefferson County, Texas, 136th Judicial District of Texas."

Jefferson County then sought leave to file the petition for the writ of mandamus; and, leave having been granted, we took the same under submission after the filing of briefs and hearing oral argument.

Relator seeks in the condemnation case to acquire a "Clear Zone Approach" to its airport. Respondent Welch and his co-plaintiffs in the District Court suit contend that there has been a constitutional "taking" of their property for which compensation must be made. See Griggs v. Allegheny County, Pa., 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); City of Houston v. McFadden, supra, 420 S.W.2d at p. 814.

We turn to the case of United States v. Brondum (5th Cir. 1959) 272 F.2d 642, 643, wherein Judge Wisdom said:

"This appeal turns on the distinction between *a clearance or obstruction easement* and an *avigation or flight easement.* These terms are not jargon leading to fruitless semantics; not in condemnation proceedings anyway. In condemnation proceedings they are useful tags to identify distinctive estates in property." (emphasis in original)

Essentially, what relator sought in the condemnation proceeding was a clear zone easement as defined by Judge Wisdom in *Brondum.* (272 F.2d at p. 644) He then contrasted an avigation easement, saying:

"An avigation easement may or may not contain provisions dealing with obstructions, but, unlike a clearance easement, in express terms it permits free flights over the land in question. It provides not just for flights in the air as a public highway—in that sense no easement would be necessary; *it provides for flights that may be so low and so frequent as to amount to a taking of the property."* (Id. at p. 645, emphasis supplied)

Respondents argue that Jefferson County should either proceed in condemnation in the District Court or await the termination of that litigation. Respondents argue, "It is submitted that . . . an avigation easement would *necessarily* include a clear zone easement and the determination of the rights in one cause will necessarily preclude the rights in the other." (emphasis supplied) We disagree. *Brondum Case,* supra.

■ It is admitted that the District Court would have jurisdiction to hear and determine the condemnation proceeding under the circumstances presented by this record. Art. 3264, V.A.C.S. But, as was said in Gregg v. Lower Nueces River Water Supply Dist., 303 S.W.2d 812, 815 (Tex. Civ.App., San Antonio, 1957, error ref.):

"Appellant has cited no authority holding that the condemnor is *required* to submit the matter of condemnation to the District Court in a title suit, nor have we found any in our own search. All such authorities hold that while the condemnor *may* submit matters to the Court, *his doing so or not is optional with him."* (emphasis supplied)

In essence, respondents contend that they may exercise County's option and require it to take an avigation easement by litigating in the District Court when County has determined that it desires only a clear zone easement through condemnation in the County Court at Law. Judge Wisdom said in *Brondum,* supra, 272 F.2d at p. 646, "The United States Government has complete discretion in determining whether to take a clearance easement or to take an avigation easement." The same rule applies here.

■ In Texas it is clear that the law provides that the condemnor alone determines what land and what interest in land it may condemn. In the early case of Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575, 587 (1911), the court said:

"When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance."

See, also, Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 88–89, 130 A.L.R. 1053 (1940); Texas Electric Service Company v. Linebery, 327 S.W.2d 657, 663 (Tex.Civ.App., El Paso, 1959, error dism.); Snellen v. Brazoria County, 224 S.W.2d 305, 310 (Tex.Civ.App., Galveston, 1949, error ref. n. r. e.); City of Wichita Falls v. Thompson, 431 S.W.2d 909, 912 (Tex.Civ.App., Fort Worth, 1968, error ref. n. r. e.).

Respondent landowners are in no position to require the County to proceed in the District Court to condemn an avigation easement. The County, admitting the title of the landowners in the condemnation suit, is free to defend against the inverse condemnation claim of the landowners in the District Court by interposing any defense available.

■ Upon oral submission of this cause, counsel indicated that Judge Farris' refusal to proceed to trial in the single condemnation case now before us may have been motivated by his desire to avoid the trial of many condemnation cases when all of the matters in dispute could be settled with one trial in the District Court. The courts look with disfavor upon a multiplicity of suits, [Gulf, C. & S. F. Ry. Co. v. Pearlstone Mill & Elevator Co., 53 S.W.2d 1001, 1003 Tex.Com.App.1932, holdings approved); University of Texas v. Morris, 162 Tex. 60, 344 S.W.2d 426, 428 (1961)], and judicial efforts to hold the cost of litigation within reasonable bounds are to be commended. However, we are not aware of any decisions authorizing a trial court to refuse to proceed to trial in a matter within the actual jurisdiction of his court because of the expense incident to such trial.

■ It is clear from what has been said that respondent judge had no discretion to exercise in refusing to proceed to trial and had no authority to postpone the trial of the condemnation case until the entry of final judgment in the District Court suit. Relator was entitled to proceed to trial so that it could acquire its clear zone easement—for whatever reason it desired such easement—without prejudice to the landowners' rights to proceed in the District Court to recover the damages, if any, should the court find there has been a constitutional taking of their property.

Relator is entitled to the writ of mandamus commanding respondent, Judge Farris, to proceed to trial and judgment in Cause No. 26,018 pending upon the docket of the County Court at Law No. 2, Jefferson County, Texas, entitled Jefferson County vs. A. Vernon Welch, et al, with dispatch and in accordance with the usual rules governing the trial of causes in said court.

We are confident that Judge Farris will proceed in accordance with the views expressed in this opinion without the necessity of the issuance of the writ of mandamus. If the court is advised that this judgment is not being followed, the writ will issue upon such showing.

Relator's petition for writ of mandamus is granted, but not issued.