### BOSWELL, O'TOOLE, DAVIS & PICKERING, Relator,

v.

### The Honorable Wells STEWART, Judge of the Court of Domestic Relations of Harris County, Respondent.

No. 1346.

Court of Civil Appeals of Texas, (14th Dist.).

Dec. 3, 1975.

Robert J. Piro, Baker & Botts, Houston, for relator.

Robert M. Welch, Jr., Fulbright & Jaworski, Max Garrett, Garrett & Letbetter, Houston, for respondent.

TUNKS, Chief Justice.

This is a proceeding on a petition for writ of mandamus in which relator asks that the Honorable Wells Stewart, Judge of the Court of Domestic Relations of Harris County, be ordered to proceed to trial and judgment on relator's cause of action asserted by petition in intervention in the cause styled *In the Matter of the Marriage of Jeanne B. Townsend and John Darius Townsend, Jr.*

Relator filed its petition in intervention seeking to recover, from both the parties to the divorce suit, attorney's fees for services rendered to Mrs. Townsend concerning the divorce. Mr. Townsend filed his motion to dismiss and sever the intervention. Following a hearing on the motion Judge Stewart issued an order in which he found that he had jurisdiction over relator's claim, but dismissed the intervention "without prejudice to its refiling against Mr. and/or Mrs. Townsend in a separate and independent cause in a regular District Court. . . ." Relator then brought this action, asking this court to order Judge Stewart to vacate his order and proceed to try, sever, or dismiss the intervention without prejudice to its being filed in any court having jurisdiction.

█ Under the limited authority granted in Tex.Rev.Civ.Stat.Ann. art. 1824 a court of civil appeals may issue a writ of mandamus only to compel a county or district court judge "to proceed to trial and judgment in a cause." The question, then, is whether Judge Stewart's order amounts to a refusal to proceed to trial and judgment.

█ This court may by mandamus order a trial court to exercise its discretion, but we may not prescribe the manner in which it must exercise that discretion. *Jones v. Smith*, 470 S.W.2d 305, 307 (Tex.Civ.App.— Houston [1st Dist.] 1971, no writ). We have held that even when a court exercises its discretion by erroneously finding it has no jurisdiction in a matter, that erroneous finding is an exercise of discretion and therefore cannot be cured by mandamus. *Williams v. Stewart,* 525 S.W.2d 710 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ).

In this case, however, Judge Stewart's order recites his finding that he does have jurisdiction over relator's petition in intervention. In such matters the jurisdiction of the Harris County Court of Domestic Relations is concurrent with that of the district courts. Tex.Rev.Civ.Stat.Ann. art. 2338–5, sec. 3 (1971). We are not, therefore, presented with a situation in which a trial court has erroneously taken or refused to take jurisdiction over a cause. Rather, the problem is whether Judge Stewart's action on relator's petition was outside the perimeter of his discretionary authority so as to constitute a void order. *Citizens State Bank v. Miller,* 115 S.W.2d 1183 (Tex.Civ. App.—Waco 1938, no writ); *Templeton v. Small,* 37 S.W.2d 262, 265 (Tex.Civ.App.— Fort Worth 1931, no writ).

█ A trial court has a wide, but not unlimited, range of alternatives in exercising discretion over petitions in intervention. Tex.R.Civ.P. 60. He may proceed to trial of the intervention claim; he may sever the intervention; he may order a separate trial; he may strike the intervention for good cause. The use of any of these alternatives, even if it is done so as to constitute an abuse of discretion, is an exercise of discretion and not subject to correction by mandamus. *See Matthaei v. Clark,* 110 Tex. 114, 216 S.W. 856 (1919). But ordering the parties to take their lawsuit elsewhere is not one of the discretionary alternatives open to the trial court in disposing of a suit in intervention. Such an order amounts to a refusal by the court to proceed in a case in which it has, and has taken, jurisdiction. As such, the order is void and subject to issuance of a writ of mandamus. *Jefferson County v. Farris,* 476 S.W.2d 457 (Tex.Civ. App.—Beaumont 1972, no writ).

█ The record reflects that the meaning of Judge Stewart's order was plainly that relator was to be deprived of the option to prosecute its suit in the court of domestic relations. During the hearing on the motion to dismiss the intervention, the following exchange took place:

> MR. NICHOLS [for respondent]: I'm not taking a position that they're not entitled to have a Jury determination on their attorneys' fees.

> THE COURT: This is the wrong Courthouse for that.

> MR. PIRO [for petitioner in intervention]: It is not the wrong Courthouse, Judge.

> THE COURT: It is if it depends on what I want to do with this.

By thus refusing to act on the merits of an action over which he had taken jurisdiction, and ordering instead that the suit was to be dismissed from the court of domestic relations and filed only in the district court, Judge Stewart effectively refused to proceed to trial and judgment.

Since we are certain that Judge Stewart will proceed in accordance with the views expressed in this opinion, we think it is not necessary for the writ of mandamus to issue at this time. Relator's petition for writ of mandamus is therefore granted, but issuance of the writ is temporarily withheld.

Petition granted. Issuance of writ of mandamus temporarily withheld.