**APPAREL CONTRACTORS, INC., Appellant,**

v.

**VANTAGE PROPERTIES, INC., Appellee.**

**No. 20481.**

Court of Civil Appeals of Texas, Dallas.

May 13, 1981.

Rehearing Denied July 21, 1981.

Marvin G. Shwiff, Al Emerson, Dallas, for appellant.

Robert Harms Bliss, Richard S. Golombeck, Bliss & Hughes, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

The question on this appeal is whether the trial court abused its discretion in striking an intervention in a garnishment action. We hold that this ruling was an abuse of discretion because the intervenor was deprived of a substantial right to assert a security interest to the fund in question.

The writ of garnishment was obtained by Vantage Properties, Inc., against Arlington National Bank to collect a judgment Vantage had recovered against Apparel Manufacturing, Inc. The bank answered that it was indebted to the judgment debtor in an amount less than the amount of garnishor's judgment. Appellant Apparel Contractors, Inc. filed a petition in intervention asserting a security interest in the funds of the debtor. Vantage, the garnishor, filed an opposition to the intervention alleging various grounds why the intervenor was not entitled to assert a security interest against the funds in question and also alleging that the intervention would unduly complicate the garnishment action by introducing issues materially different from those raised by the original parties. This pleading did not assert that the allegations of the petition in intervention were insufficient to show a security interest in the funds, and the garnishor does not now assert that the petition is insufficient in that respect. The trial court struck the intervention without prejudice to any further proceedings against the garnishor for recovery of the funds, and rendered judgment in favor of the garnishor against the bank for the amount of the bank's indebtedness to the judgment debtor, less an attorney's fee. The judgment further provides that the bank is discharged from all liability to the judgment debtor Apparel Manufacturing, to the extent of the funds paid as ordered by the court.

The intervenor contends that although it may have grounds for recovery of the funds in question from the garnishor in a separate suit, its remedy in such a suit would not afford it the same protection for its security interest as its intervention in the garnishment action. We agree. Whether the intervenor could present its claim for a security interest in a separate suit against the garnishor is far from clear. The intervenor has no basis for a personal claim against the garnishor in a separate suit and has no assurance that the fund would be kept intact after its payment to the garnishor according to the terms of a final judgment. In a separate suit the garnishor may be expected to interpose the defense that it has no "identifiable proceeds" in its hands that would be subject to a continuing security interest under section 9.306(b) of the Texas Business and Commerce Code (Vernon Supp.1981). Nothing in the garnishor's present brief indicates that it would not or could not interpose such a defense. We need not now determine whether such a defense would be well taken. For our present purpose it is enough to point out that the same problem would not have arisen in the garnishment action if the intervenor had been successful in establishing its security interest in the fund held by the bank.

Certainly, the trial court's order cannot be justified on the ground that the intervenor may assert its rights in a personal action against the garnishor. If the intervention is permitted and the intervenor is successful in establishing its security interest in the garnished fund, that interest would be superior to the garnishor's rights as a general creditor under the writ of garnishment. Consequently, the intervenor would be entitled to judgment requiring the bank

to pay the funds to it rather than to the garnishor. The trial court's judgment denies intervenor any rights to the fund held by the bank, and thus, in effect, makes a final adjudication against its claim of a security interest without allowing intervenor any opportunity to establish that interest.

■ The garnishor contends that the court had discretion to strike the intervention under rule 60 of the Texas Rules of Civil Procedure, which authorizes the trial court to strike an intervention "for sufficient cause." Under this rule the court's discretion is wide, but not unlimited. *Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380, 382 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ); *Inter-Continental Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex.Civ.App.-Houston 1966, writ ref'd n.r. e.). If the court has jurisdiction, ordering the parties to take their lawsuit elsewhere is not one of the alternatives open to the court in disposing of an intervention. *Boswell, O'Toole, supra*, at 382.

■ The garnishor argues that "sufficient cause" is shown for exercise of the court's discretion in denying the intervention in that garnishment is a simple remedy, but that disposition of the garnishment would be delayed and the issues complicated by trial of the issues raised by the intervention and the matters pleaded by garnishor in opposition. We are not persuaded that either the delay or the complications are sufficient cause for striking this intervention. There is no multiplication of issues because this record shows that there are no issues of fact between the original parties in the garnishment action that would be affected by trial of the issues raised by the intervention. The bank would suffer no inconvenience because it would be entitled to a discharge on its answer by paying the money into court. *Farmers State Bank of Center v. Latham*, 181 S.W.2d 972, 973 (Tex.Civ.App.-Texarkana 1944, no writ); *Wall v. Wall*, 181 S.W.2d 817, 820 (Tex.Civ.App.-Amarillo 1944, no writ). The garnishor would not be prejudiced because it may present the defenses it now alleges in the garnishment action as well as in a separate suit. On the other hand, the intervenor may be seriously prejudiced in presenting its claim for a security interest, for the reasons already stated. Under these circumstances, we hold that the trial court abused its discretion in striking the intervention. We express no opinion on whether the facts alleged in the petition for intervention are sufficient to establish a security interest or on the merits of any of the garnishor's defenses.

■ The garnishor has also moved to dismiss this appeal as moot because the intervenor has not filed a supersedeas bond and the bank has already paid the money over to the garnishor as directed in the judgment appealed from. We do not agree that the matter is moot. Regardless of whether a judgment has been superseded, it is not final so long as an appeal is pending, and, although it may be enforced by execution, payment of a fund to one party pending appeal does not discharge liability to a different party that may be established after reversal. *Gonzales v. Texas Employers Insurance Association*, 509 S.W.2d 423, 426 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). Consequently, after the judgment authorizing payment of the fund to the garnishor is reversed, if the intervenor is successful in establishing its security interest, the intervenor will be entitled to recover the money from the garnishor personally, or possibly from the garnishee bank, without establishing a continuing security interest in an identifiable fund in the hands of the garnishor.

Reversed and remanded.