COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-187-CV
 
LAW OFFICES OF WINDLE TURLEY, P.C.                                        APPELLANT
V.
BAHRAM GHIASINEJAD                                                              
    APPELLEE
------------
FROM THE 211
TH DISTRICT COURT OF DENTON
COUNTY
------------
OPINION
------------
I. Introduction
Appellant Law Offices of Windle
Turley, P.C. (LOWT) sought to intervene in a medical malpractice suit to pursue
a claim for breach of contract against its former client, appellee Bahram
Ghiasinejad. LOWT appeals from the trial court's order granting appellee Bahram
Ghiasinejad's motion to strike the intervention. In two issues, LOWT contends
that it had a justiciable interest in the principal suit and that the trial
court abused its discretion in not permitting it to intervene. We affirm.
II. Factual
Background
In August 1999, Ghiasinejad
retained LOWT to prosecute a medical malpractice suit against Dr. Dolores Corpuz.
In a contingent fee contract between Ghiasinejad and LOWT, Ghiasinejad agreed to
pay and "hereby assign[] to LOWT forty percent (40%) if [the case]
settled 10 days before trial, and forty-five [percent] (45%) thereafter."
[Emphasis added.] On December 2, 1999, Michael Sawicki, an associate at LOWT,
filed suit on Ghiasinejad's behalf in Dallas County. The suit was later
transferred to Denton County, where it was settled.
Before the suit was transferred to
Denton County, Sawicki left his position with LOWT. After Sawicki left,
Ghiasinejad terminated his contract with LOWT and retained Sawicki to represent
him in the lawsuit against Dr. Corpuz. On September 25, 2000, LOWT filed a
petition in intervention pursuant to rule 60 in an attempt to protect its
contractual rights under the contingent fee contract. Tex. R. Civ. P. 60. In its
petition, LOWT alleged that Ghiasinejad breached the contingent fee contract
without good cause. Id. Ghiasinejad answered the petition, denying the
allegations and asserting that "the contract was terminated for good
cause" and that LOWT breached a fiduciary duty it owed to him. Ghiasinejad
also filed a motion to strike the petition in intervention.
Although the petition in
intervention and motion to strike were both filed in Dallas County, they were
heard by the Denton County trial court after the Dallas County trial court
granted Dr. Corpuz's motion to transfer, which was agreed to by Ghiasinejad.
After hearing argument from both Ghiasinejad and LOWT, the Denton County trial
court granted the motion to strike because "the Petition in Intervention .
. . is not based on a present and justiciable interest."
III. Intervention
Any party may intervene by filing a
pleading, subject to being stricken by the court for sufficient cause on the
motion of any party. Tex. R. Civ. P. 60. The standard of review for determining
whether a trial court properly struck a petition in intervention is abuse of
discretion. See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793
S.W.2d 652, 657 (Tex. 1990); Tex. Dep't of Health v. Buckner, 950
S.W.2d 216, 218 (Tex. App.--Fort Worth 1997, no writ). To determine whether a
trial court abused its discretion, we must decide "whether the trial court
acted without reference to any guiding rules or principles; in other words,
whether the act was arbitrary or unreasonable." Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990). Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court in a
similar circumstance does not demonstrate that an abuse of discretion occurred. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).
Once the motion to strike has been
filed, the burden shifts to the intervenor to show a justiciable interest in the
lawsuit. Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex. 1982); Intermarque
Auto. Prods., Inc. v. Feldman, 21 S.W.3d 544, 549 (Tex. App.--Texarkana
2000, no pet.). The interest asserted by the intervenor may be legal or
equitable in nature. Mendez, 626 S.W.2d at 499; Intermarque Auto.
Prods., 21 S.W.3d at 549. But it must be "greater than a mere
contingent or remote interest." Rogers v. Searle, 533 S.W.2d 440,
442 (Tex. Civ. App.--Corpus Christi 1976, no writ). A party has a justiciable
interest in a lawsuit, and thus a right to intervene, when his interests will be
affected by the litigation. Intermarque Auto. Prods., 21 S.W.3d at 549.
If a party cannot show a justiciable interest in the lawsuit, the trial court
has sufficient cause to strike his petition in intervention. Id.
Even if a party has a justiciable
interest, however, the trial court still has broad discretion in determining
whether his petition in intervention should be struck. Id. It is an
abuse of the trial court's discretion to strike a petition in intervention if
the intervenor: (1) could have brought the same action, or any part of it, in
its own name; (2) the intervention would not complicate the case by excessively
multiplying the issues; and (3) the intervention is almost essential to
effectively protect the intervenor's interest. Guaranty Bank, 793
S.W.2d at 657; Intermarque Auto. Prods., 21 S.W.3d at 549.
In its first issue, LOWT contends
that the trial court erred in determining that it did not have a justiciable
interest in the principal lawsuit. Texas courts have repeatedly recognized that
where a contingent fee contract "assigns" an interest in the lawsuit,
a cause of action, or the recovery, as opposed to merely agreeing to pay a
percentage of the amount recovered, a justiciable interest in the suit is
created. See Dow Chemical Co. v. Benton, 163 Tex. 477, 357 S.W.2d 565,
568 (1962); Galveston, H. & S.A. Ry. Co. v. Ginther, 96 Tex. 295,
72 S.W. 166, 167 (1903); Honeycutt v. Billingsley, 992 S.W.2d 570, 584
(Tex. App.--Houston [1st Dist.] 1999, pet. denied); Trinity River
Auth. v. Badders, 453 S.W.2d 304, 308 (Tex. Civ. App.--Houston [14th
Dist.] 1970, no writ). As a result, "[a] plea in intervention in the
principal suit is an appropriate vehicle by which a discharged attorney may
recover fees for services rendered." Serna v. Webster, 908 S.W.2d
487, 491 (Tex. App.--San Antonio 1995, no writ). Thus, we hold the trial court
abused its discretion in striking the petition in intervention on the ground
that LOWT had no justiciable interest in the principal lawsuit. We sustain
LOWT's first issue.(1)
In its second issue, LOWT argues
that the trial court abused its discretion in striking the petition in
intervention because: (1) LOWT could have brought the same action, or any part
of it, in its own name; (2) the intervention would not complicate the case by
excessively multiplying the issues; and (3) the intervention is almost essential
to effectively protect LOWT's interests. Guaranty Bank, 793 S.W.2d at
657. LOWT filed its petition in intervention in the medical malpractice case in
order to protect its interests in the lawsuit. In order to recover on that
interest, however, LOWT will have to prove that Ghiasinejad breached the
contingent fee contract without good cause and defend against Ghiasinejad's
claim that it breached its fiduciary duty. At the hearing on the motion to
strike, the trial court expressed its concern over mixing the medical
malpractice issues of the principal suit with the issues involved in the
intervention:

 You are saying it is related to
 this case. But, really, factually, it [is] not related to this case. Whether
 you had - - whether they had a good right to terminate you or not or - - or
 whether you have breached fiduciary duties and all of those other claims that
 may come up has nothing to do with what this doctor did. I mean, they are
 really very separate claims: One is in tort under a special medical
 malpractice statute; one is in contract. The facts aren't going to overlap.

 
We agree with the trial court.
Allowing the intervention in this case would inject new issues into the case
that are completely unrelated to the issue of the principal lawsuit--whether Dr.
Corpuz committed malpractice. See Atchley v. Spurgeon, 964 S.W.2d 169,
171 (Tex. App.--San Antonio 1998, no pet.) ("What gives a trial court
grounds to reject intervention under this criterion is the injection of new
issues into litigation."). Under the circumstances, the trial court could
have concluded that submitting the breach of contract and breach of fiduciary
duty issues to a jury along with the malpractice issues would have caused
unnecessary confusion and complicated the already difficult medical malpractice
issues.
Moreover, as the trial court noted
at the hearing, there are other avenues available to LOWT for pursuing its
interests.(2) The court in Honeycutt v.
Billingsley also enumerated three options available to an attorney with an
assigned interest in a case whose client settles without his approval,
including:

 (1) he may prosecute the suit
 against the defendant in his own name or the plaintiff's name, prove liability
 and damages owed by the defendant to the plaintiff, and recover his
 proportionate share from the judgment; (2) he may sue the client for his share
 of the sum paid in settlement . . . ; or (3) he may ratify the settlement
 agreement between the plaintiff and defendant, without the necessity of
 proving liability and damages in the underlying tort suit, by seeking to
 recover only his proportionate share of the settlement funds.

992 S.W.2d at 585. Other than
stating that Ghiasinejad has not kept it informed about the status of the
lawsuit, LOWT has failed to demonstrate in this court or in the trial court that
the intervention is "almost essential" to protect its interests.(3)
Consequently, we cannot conclude it was "almost essential" that LOWT's
claims be heard together with Ghiasinejad's claims against Dr. Corpuz. For the
foregoing reasons, we hold the trial court did not abuse its discretion in
granting the motion to strike intervention.(4) We
overrule LOWT's second issue.
IV. Conclusion
Having overruled LOWT's second
issue, we affirm the trial court's judgment.
 
                                                           SAM
J. DAY
                                                           JUSTICE
 
PANEL F: CAYCE, C.J.; DAY and
LIVINGSTON, JJ.
DELIVERED: May 15, 2003

1. Although the trial court's stated reason for granting
the motion to strike amounts to an abuse of discretion, we will still uphold the
order on any ground that is supported by the record. See Courage Co. v.
Chemshare Corp., 93 S.W.3d 323, 331 (Tex. App.--Houston [14th
Dist.] 2002, no pet.); Lemond v. Lone Star Gas Co., 897 S.W.2d 378, 382
(Tex. App.--Fort Worth 1994), aff'd in part, rev'd in part on other grounds,
897 S.W.2d 755 (Tex. 1995). Thus, we address issue two.
2. One option mentioned by the trial court was that LOWT
could "file a garnishment" against Dr. Corpuz's insurance provider.
3. Although LOWT states it did not learn that the case had
settled until Dr. Corpuz's attorney informed it of the settlement, we fail to
see how this fact demonstrates that it was essential for LOWT to intervene in
order to protect its interests. The settlement occurred over a year after LOWT
was stricken from the case. As a result of the settlement, LOWT can now pursue
its interest under the second or third alternative listed by the court in Honeycutt.
922 S.W.2d at 585.
4. Relying on Apparel Contractors, Inc. v. Vantage
Props., Inc., LOWT claims that its intervention at most would have opened a
"second phase" in the litigation and would not add any new issues to
the liability and damages dispute between Ghiasinejad and Dr. Corpuz. 620 S.W.2d
666, 668 (Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e.) ("There is no
multiplication of issues because this record shows that there are no issues of
fact between the original parties in the garnishment action that would be
affected by the trial of the issues raised by the intervention."). Although
LOWT's intervention may not create new issues between Ghiasinejad and Dr. Corpuz,
the "second phase" of litigation has every appearance of being an
entirely new lawsuit between different parties and based on separate issues of
fact and law. Not only will the "second phase" unnecessarily extend
the time needed to reach finality in the principal lawsuit, but it injects new
unrelated issues into the case. Moreover, unlike the intervenor in Apparel
Contractors, LOWT has not demonstrated that no other avenues are available
to protect its interests other than intervention in the principal suit. Id.
at 667 ("The intervenor has no basis for a personal claim against the
garnishor in a separate suit and has no assurance that the fund would be kept
intact after its payment to the garnishor. . . .").