In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00035-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

DR.
DAVID CARLISLE, GUARDIAN OF THE PERSON OF HARVEY J. OSBORN AND BANCORPSOUTH
BANK, TEMPORARY GUARDIAN OF 

THE
ESTATE OF HARVEY J. OSBORN         

 

 

                                                                                                  


 

                                                                                                                             

                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                              Per
Curiam Opinion 

                                                                              








                                                                   O P I N I O N

 

            Dr. David Carlisle, guardian of the
person of Harvey J. Osborn, and BancorpSouth Bank, temporary guardian of the
estate of Harvey J. Osborn, have filed a petition for writ of mandamus in which
they ask this Court to order the judge of the county court at law of Bowie
County to rule on their pending motion to name a permanent guardian of the
estate.  

            Briefly, Dr. Osborn was in an
automobile accident over a month ago that left him with injuries of such
severity that he remains unable to communicate or care for himself in any
respect.  Shortly before that date, he
had filed a petition seeking a divorce, which remains pending.  Guardianship proceedings originally commenced
in the county court were transferred to the county court at law, and are
evidently being addressed in tandem with the divorce proceeding.

            We recognize that the appointment of
a temporary guardian of the estate expires today.  His insurer has informed the parties that it
will no longer pay for the expense of his care in the facility in which he
currently resides.  The parties
apparently both acknowledge that he may be properly transferred to a local
nursing care facility.  However, that
facility has informed the parties that it cannot accept the transfer without
the appointment of a permanent guardian of the estate.

            It appears that the trial court,
rather than ruling on the appointment of a permanent guardian of the estate
when it appointed a permanent guardian of the person on April 21, 2010, took
the matter under advisement.  Relators
ask us to order the trial court to rule. 
Further, the real parties in interest concur that there is a need for
appointment of a guardian of the estate that will meet the necessary
requirements to qualify for the transfer of Dr. Osborn.  Both parties desire the result, although
there is no indication as to whether they concur about the identity of such a
guardian.  

            While this Court may not prescribe
the manner in which a trial court exercises its discretion, we may, by
mandamus, order a trial court to exercise its discretion in some manner.  In re
Gill, 2004 WL 239905 (Tex. App.—Texarkana Feb. 4, 2004, orig. proceeding)
(not designated for publication) (citing Cooke
v. Millard, 854 S.W.2d 134, 135 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding)); see also Boswell, O’Toole, Davis & Pickering v.
Stewart, 531 S.W.2d 380, 382 (Tex. Civ. App.—Houston [14th Dist.] 1975,
orig. proceeding). 

            We recognize that we have the
authority to order a trial judge to rule. 
However, in this case, the length of time between when the judge took
this matter under advisement and this date is quite short. 

            We conclude that the trial court has
not abused its discretion in not yet ruling.[1]

            We deny the petition.

 

 

                                                                        BY
THE COURT

 

Date
Submitted:          May 3, 2010

Date
Decided:             May 3, 2010











[1]It
is apparent that any further delay will be expensive for both of the parties
involved and that both parties desire a swift resolution to this matter.  Accordingly, we are confident that the
parties are properly motivated to promptly submit to the trial court an agreed
order which could be promptly signed by the trial court, naming an entity to
serve as the permanent guardian of the estate to avoid further delay and
expense to all involved.