**Mrs. Katharine Miller HOUGHTON, Appellant,**

v.

**WHOLESALE ELECTRONIC SUPPLY et al., Appellees.**

**No. 4753.**

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1968.

Rehearing Denied Dec. 26, 1968.

Locke, Purnell, Boren, Laney & Neely, Richard G. Rogers, Dallas, for appellant.

Golden, Burrow, Potts & Boeckman, Duncan Boeckman, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant, from a judgment construing a ground lease, in a suit brought by plaintiff.

Defendant Houghton and plaintiff Wholesale Electronics, entered into a lease agreement on December 31, 1958 whereby defendant leased to plaintiff 20,-861 square feet in the City of Dallas, at 2809 Ross Avenue. The lease was drawn by defendant's attorney; was for 31 years, with option for renewal; provided for rental of $450. per month until February 28, 1974, when the monthly rental would be the greater of: 1) $450; 2) 1/12 of 6% of the appraised value of the land (but not more than $1,000.); 3) $450. increased by the percentage increase of the Consumer Price Index for February 1974 over October 1958.

The lease provides that plaintiff would construct a masonry building .12,000 foot

floor space on the premises, and that the building would become defendant's at expiration of the lease.

*Paragraph 10* provides: "Lessee is specifically permitted and authorized to use the leased premises for the storage, handling, shipping, display and sale of goods and merchandise (including without limitation electrical and electronic items) and related activities and for any other lawful business purpose or purposes.

*"Provided, however,* anything stated to the contrary notwithstanding, it is expressly understood and agreed that the leased premises shall not be used for any purpose which tends to substantially reduce the value of the leased property."

*Paragraph 11* provides lessee shall have the continuing right to alter, remodel or rebuild additional buildings on the leased premises.

*Paragraph 12* provides lessee "shall promptly repair all damage from any cause whatsoever to the buildings", and "keep the buildings in a good state of repair at all times."

*Paragraph 18* provides lessee will keep the building insured at all times, and if building is damaged or destroyed by a casualty insured against, the insurance proceeds will be used to repair and rebuild.

*Paragraph 19* provides: If the *entire* premises be taken in Eminent Domain proceedings, "then the lease shall terminate". "If any taking of less than all the leased premises * * * is such as substantially to impair the usefulness of the property for lessee's purposes, then at the *lessee's option* the lease may be terminated;" but if the taking is of a portion "which does not substantially impair for Lessee's purposes, that is, any portion of the area, as for example, any condemnation for a sidewalk or alley way, or if any condemnation of the right to use for some definite or indefinite period shall occur, it is agreed * * * that the rights, duties and obligations of the parties hereto under the terms of this in-strument shall be modified fairly with such abatement of rent as shall fairly and equitably adjust the rights, duties and obligations of the parties hereto under the changed circumstances. That is, should ½ of the premises be condemned, then the minimum rental would be ½ of the monthly rental. If Lessor and Lessee cannot agree as to the amount of the rent in the event of a partial condemnation, an appraisal shall be had by appraisers" (one appointed by each party, with a third appraiser to be appointed by the appraisers or the U.S. District Judge).

Plaintiff went into possession of the premises in 1959, built the building of 12,-000 square feet, and paid the $450. monthly rent until June 27, 1967, when the State of Texas condemned 11,466 square feet of the leased premises. The tract taken amounted to 55% of the leased land, and the building was taken in its entirety. The State paid defendant $140,000 for her interest in the property.

Plaintiffs secured adjacent land and erected a building thereon, and have determined that the 45% of the leased land remaining will be useful to them for ingress and egress to their new premises, and for parking. Plaintiffs notified defendant of their intention to continue the lease in force as to the remaining 45%. Defendant contended the lease was terminated. Plaintiffs filed this suit for declaratory judgment that the lease was in effect, for construction of its terms, and for attorneys' fees.

After trial before the court without a jury, the court entered judgment finding:

1) The lease is in effect and binding on the parties.

2) The rent payable under paragraph 2(a) of the lease from June 27, 1967 to February 28, 1974 is $300. per month.

3) That as of February 28, 1974 under Paragraph 2(a) of the lease the rent

payable shall be not more than $450.-40 nor less than $300. per month.

4) The tenant is not obliged by Paragraph 12 or any other provision of the lease to repair, rebuild or restore the building situated on the premises before the condemnation.

5) The use plaintiffs propose to make of the remainder of the leased premises after condemnation is permitted under the lease, and does not violate any provision thereof.

The judgment enjoined defendant from interfering with plaintiffs' possession of the premises, and awarded plaintiffs $3,-000. attorneys' fees.

Defendant appeals on 11 points, contending:

1) Plaintiff is obliged by the lease to rebuild or restore the building formerly situated on the leased premises if the lease is to remain in effect.

2) The intended use of the remainder is violative of paragraph 10 of the lease.

3) The remainder is not suitable for plaintiffs' purposes as a matter of law.

4) The trial court erred in setting the rent at $300. per month until February 28, 1974, and holding that the rent as of February, 1974 should not be more than $450.40 per month.

5) The trial court erred in awarding plaintiffs $3,000. attorneys' fees.

Plaintiff by cross point asserts the trial court erred in not setting the rent until February 28, 1974 at $202.68.

■ Contention 1 is that plaintiff is obligated by paragraphs 11, 12 and 18 of the lease to rebuild the building formerly on the leased premises if the lease is to remain in force. Paragraph 11 gives lessee the *right* to remodel or build additional buildings; paragraph 12 provides the lessee shall "promptly repair all damage from any cause" and keep the building in good repair; and paragraph 18 provides lessee will repair or rebuild the building with the insurance collected if the building be damaged or destroyed by a casualty insured against. Upon condemnation, the rights of the parties are governed by paragraph 19. And lessee is not required by any provision of the lease to rebuild if 55% of the premises and the *entire* building are taken by the State in condemnation. As noted, defendant has been paid $140,000. by the State for her reversionary interest in the property.

■ Contention 2 is that use of the remainder by plaintiffs as a driveway and parking lot are violative of paragraph 10. Paragraph 10 provides the lessee can use the premises for its business, "and related activities and for any other lawful business purpose or purposes", and further provides "the premises shall not be used for any purpose which tends to substantially reduce the value of the leased property." The use to which plaintiff intends to use the remainder is in keeping with the first portion of paragraph 10, and we think such use cannot substantially reduce the value of the remainder as a matter of law. See Settegast v. Foley Bros., 114 Tex. 452, 270 S.W. 1014.

■ Contention 3 is that the remainder is not suitable for plaintiffs' purposes as a matter of law. Paragraph 19 provides that in the event of a partial taking by condemnation, the determination of the usefulness of the remainder for lessee's purposes is to be made by the lessee. Lessee has determined that the remainder is useful to it, and under the agreement of the parties, the matter is resolved.

■ Contention 4 and plaintiffs' cross-point complain of the rent of $300. per month until February, 1974, set by the trial court. Paragraph 19 provides in event of a partial condemnation the rent shall abate fairly and equitably under the

changed circumstances, and then gives an example: "That is, should ½ of the premises be condemned, then the minimum rental would be ½ of the monthly rental." Here 55% of the leased premises were taken. The parties stipulated that $202.68 would be 45% of the $450. rental, and plaintiffs, by cross point, contend such should be set by this court.

Defendant contends that in event of partial condemnation, an appraisal shall be had by appraisers to determine the rent payable. We reject defendant's contentions and hold that under paragraph 19 the minimum monthly rental is fixed at $202.68, 45% of the $450. prior rental; that for future rental adjustments the base minimum of $202.68 per month is applicable; and that $450.40 is the maximum rent. See: 6 Tex.Jur.2d p. 56; Am. Cen. Ins. Co. v. Bass, 90 Tex. 380, 38 S.W. 1119.

Contention 5 complains of the award to plaintiff of attorneys' fees. Plaintiff asserts that Article 5236 Vernon's Ann.Tex.Civ.St. which reads:

"Should the landlord, without default on the part of the tenant or lessee, fail to comply in any respect with his part of the contract, he shall be responsible to said tenant or lessee for whatever damages may be sustained thereby; * * *"

is broad enough to include attorneys' fees.

Unless provided by statute or by contract of the parties, attorneys' fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract. And attorneys' fees incurred in prosecuting a suit for or defending against a wrong are not ordinarily recoverable as actual damages. Wm. Cameron & Co. v. American Surety Co., S.Ct., 55 S.W.2d 1032.

Moreover, statutory provisions for the recovery of attorneys' fees are in derogation of the common law, are penal in nature, and must be strictly construed. Van Zandt v. Ft. Worth Press, S.Ct., 359 S.W.2d 893; New Amsterdam Cas. Co. v. Texas Industries, S.Ct., 414 S.W.2d 914.

We think attorneys' fees may not be deemed damages under Article 5236, and sustain defendant's contention.

All other points and contentions of defendant are overruled. Plaintiffs' cross point is sustained. The judgment is modified to fix $202.68 as the rental until February 28, 1974; and to delete the award of attorneys' fees to plaintiffs. Costs of appeal are assessed ½ each against plaintiff and defendant.

Modified and affirmed.