The GROOS NATIONAL BANK,
Appellant,

v.

SHAW'S OF SAN ANTONIO,
INC., Appellee.

No. 15804.

Court of Civil Appeals of Texas,
San Antonio.

July 13, 1977.

Rehearing Denied Sept. 13, 1977.

O'Neal Munn, Gerry L. Saum, San Antonio, for appellant.

Jay Sam Levey, Levey & Goldstein, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has appealed from a judgment rendered after a non-jury trial whereby appellee recovered the sum of $716.65 being the amount which was on deposit in the account of Maria Elena Garcia at the time a check for $1,328.20 given appellee by Ms.

Garcia was presented to appellant for payment.

The facts are largely undisputed. On Friday, October 17, 1975, at about 3:30 p. m., Ms. Garcia purchased jewelry from appellee and tendered her check for $1,328.20 payable to appellee which was drawn on appellant in payment therefor. Before delivering the merchandise, an employee of appellee telephoned appellant and was advised by an unidentified employee of appellant that the check was good. Ms. Garcia returned to appellee store on Saturday and attempted to purchase additional jewelry. Appellee ascertained at that time that Ms. Garcia's address was fictitious and became suspicious that it was a victim of a swindle by Ms. Garcia. Accordingly, an employee of appellee was waiting at the door of appellant bank when it opened for business at 9:00 a. m. on Monday the 20th. Appellee's suspicions were soon confirmed in that its employee was advised that there was only $716.65 on deposit in Ms. Garcia's account. Appellee subsequently tendered its own check payable to Maria Elena Garcia in the amount of $611.55 and sought to cash Ms. Garcia's check for $1,328.20.

Appellant refused to cash the check, but an officer of appellant advised appellee's president that appellant would "flag" the account to prevent further withdrawals, and that if Ms. Garcia made sufficient deposits within the next ten days to cover her check given appellee, appellant would give appellee a cashier's check for $1,328.20. In the meantime, appellant would not deposit appellee's check in the amount of $611.55. Appellee was assured by appellant's officer that it would get its money, "just wait ten days." No additional deposit was made by Ms. Garcia and this suit was filed after appellee's check and Ms. Garcia's check were returned to appellee. There was no evidence offered regarding the subsequent disposition of the $716.65 on deposit in Ms. Garcia's account on Monday, October 20th.

Findings of fact and conclusions of law were filed. The trial court concluded that appellant was obligated to accept the deposit to Ms. Garcia's account which was tendered by appellee and to pay Ms. Garcia's check since this would make sufficient funds in said account to cover the check. The court also concluded that appellant was legally required to pay appellee's check after ten days because of the promise relied on by appellee that appellant would prevent further withdrawals and pay the check at such time. Finally, the trial court concluded that the pleadings and evidence established an equitable assignment of Ms. Garcia's account.

Appellant urges by three points that there is no basis in law to support the judgment against it, as there can be no liability for its oral representation on Friday that there were sufficient funds in Ms. Garcia's account to pay said check or to support a recovery by appellee, who was not a customer of appellant. Appellee urges by counter-points that appellant was obligated to accept its tendered deposit to Ms. Garcia's account which would have made sufficient funds in the account to cover Ms. Garcia's check to appellee. It also urges that appellant is liable on its promise to accept appellee's check for deposit at the end of ten days and then pay the Garcia check. Finally, it is asserted that the agreement to "flag" the account and make the payment of the balance to appellee, constituted an equitable assignment of the funds in Ms. Garcia's account.

It must be recognized at the outset that the drawee of a check is not liable on the instrument until he accepts it and that such acceptance must be in writing on the instrument. Tex.Bus. & Comm.Code Ann., §§ 3.409, 3.410 (1968); *Bradley Grain Co. v. Farmers & Merchants Nat. Bank*, 274 S.W.2d 178 (Tex.Civ.App.—Eastland 1954, writ ref'd n. r. e.). Accordingly, there can be no liability against appellant because of its oral representation on Friday that there were sufficient funds in Ms. Garcia's account to pay the check.[1] Nor was there

1. Although there was no evidence as to the balance in the account at that time, both parties assumed at the trial that there actually were sufficient funds at that time to cover the check.

ever a written acceptance of the check by appellant.

The controlling question in the case is whether appellant was legally obligated to accept the deposit tendered by appellee to Ms. Garcia's account without her acquiesce. In the absence of such deposit, it is undisputed that there were not sufficient funds in Ms. Garcia's account to pay the check and appellant would not be liable for the return of the check to appellee. It should be noted that appellee's tendered deposit was in the form of a check payable to Ms. Garcia and appellant had no authority to endorse such check for her. We have not been cited to any authority to support the proposition that appellant was legally obligated to accept such deposit and we have found none. Logic and reason support a contrary conclusion.

■ It is fundamental that the relationship created by the checking account is one creating benefits and obligations only between the bank and the depositor (owner of the account). The contract of a bank with a depositor is to pay such deposited money on demand made at its banking house, in such sums, at such times, and to such persons as the depositor may direct. 9 C.J.S. *Banks and Banking* § 330 at 673 (1938); *Frost Nat. Bank v. Nicholas and Barrera*, 534 S.W.2d 927 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Here the only authorization given appellant by its depositor was to pay the sum of $1,328.20. No authorization was given by her to pay a lesser amount or to accept a gratuitous deposit so as to make her check good. It is apparent that there are situations wherein a depositor would not want to accept a gratuitous deposit to his account. For example, where the third party is of questionable character or where the receipt of funds from such third party would be illegal. We conclude that the trial court erred in holding that appellant was legally obligated to accept the tender by appellee of sufficient funds to make Ms. Garcia's check good.

Appellee urges that, in any event, appellant's oral promise to pay it the funds on deposit in Ms. Garcia's account at the end of ten days amounted to an equitable assignment of such funds to appellee or that appellant is estopped to breach such promise. In *First Nat. Bank of Mathis v. Dickson*, 59 S.W.2d 179 (Tex.Civ.App.—San Antonio 1933, no writ) it was held that an oral acceptance of a check was invalid. The court stated: "It makes no difference whether the suit is upon the acceptance, the breach, or upon estoppel, the effect is to compel the bank to make good its oral promise to pay the bill, and, under the provisions of Article 5941, § 132, this cannot be done."[2] *See also: Banco Longoria, S. A. v. El Paso National Bank*, 415 S.W.2d 1 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.).

■ Furthermore, there was no pleading of estoppel. Appellee tendered a trial amendment on estoppel at the beginning of the trial, but after appellant objected, the trial judge stated: "Temporarily, I am not allowing it, the trial amendment." It was never reoffered by appellee and there is no plea of estoppel in the record. The trial court erred in concluding that the pleadings and evidence established an equitable assignment to appellee of Ms. Garcia's account.

■ We find no basis in this record for upholding a judgment against appellant in the amount equal to the funds on deposit in Ms. Garcia's account when appellee presented her check for payment. There were never sufficient funds in her account to cover this check and the appellant cannot be held liable for refusing to pay same. The appellant was not under any obligation to make part payment on the check given appellee by Ms. Garcia to the extent of the funds then on deposit in her account. 10 Am.Jur.2d *Banks* § 571 (1963).

The judgment of the trial court is reversed and here rendered that appellee take nothing by its suit against appellant.

2. See Tex.Bus. & Comm.Code Ann. § 3.410 (1968).

CADENA, Justice, concurring.

I concur in the result. In the absence of a pleading of estoppel, I find it unnecessary to hold that a bank cannot be held liable on the basis of an oral representation and I do not join in such holding.