**GALAXY BOAT MANUFACTURING COMPANY, Appellant,**

v.

**EAST END STATE BANK, Appellee.**

No. A2928.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1982.

Fritz Barnett, Houston, for appellant.

Charles R. Vickery, Daniel Davila, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Judge.

This is a check collection case in which plaintiff-appellant Galaxy Boat Manufacturing Company sued to recover the amount of a customer check drawn on the appellee East End State Bank for $24,121. On the basis of the evidence, the stop payment statute, Tex.Bus. & Com.Code Ann. § 4.403 (Vernon 1968), and also the provisions of Tex.Bus. & Com.Code Ann. §§ 3.409 and 3.410 (Vernon 1968), the trial court granted an instructed verdict in favor of the bank at the close of appellant's evidence. Appellant asserts five points of error. We affirm.

The original action was brought against Janet Romans, B.L. Romans and East End

State Bank for the individuals' liability on the check and the bank's wrongful refusal to honor the check. Appellant subsequently filed suit against Bellaire Boat Mart, Inc. and Houston Boat Mart, Inc., both doing business as Seabreeze Marine and Development Corporation for their liability on a sworn account and upon the check; Houston Boat Mart, Inc. and Bellaire Boat Mart, Inc. are Texas corporations which were owned by B.L. Romans and Seabreeze Marine and Development Corporation is an assumed name of the Romans. The check in question was drawn on the account of Seabreeze Marine and Development, and was in payment for boats invoiced to Bellaire Boat Marine.

Upon motion of the appellant, the causes of action were consolidated and the consolidated cause of action was called to trial. Prior to trial, B.L. Romans and Janet Romans, individual defendants, were discharged in bankruptcy and appellant nonsuited them.

The case proceeded to trial by jury. At the conclusion of appellant's evidence, appellee moved for a directed verdict and the court withdrew appellant's case against appellee and rendered judgment for appellee. The court entered a final judgment awarding appellant $41,732.50 against Bellaire Boat Mart, Inc. and Houston Boat Mart, Inc. The court also decreed that appellant take nothing against appellee East End State Bank and it is this portion of the court order from which appellant perfects this appeal.

Appellant urges points contending that the trial court erred in granting appellee's motion for an instructed verdict because the evidence was sufficient to raise fact issues on the bank's liability on the check on theories of estoppel, equitable assignment of funds, breach of contract and breach of fiduciary duty to appellant. The bank had refused payment under an oral stop payment order, and had not certified or accepted the check in writing. Appellant asserts that these theories arise out of a course of dealings in which it is contended that the drawee bank made an oral guarantee or promised to pay the check out of funds on deposit. Appellant contends that the bank was not entitled to honor the oral stop payment order from its customer made before the check was presented for payment.

In the instant case, the evidence shows that appellant is a corporation which is engaged in the manufacturer and sale of small pleasure boats. Appellant began to sell its boats to Romans sometime in December of 1974 and initially Romans was allowed slightly extended credit terms by appellant but thereafter was required by appellant to pay C.O.D. In February of 1975, the controller of appellant notified Romans that appellant would no longer ship any boats to Romans other than on a C.O.D. basis. The evidence further showed that when appellant received an order from Romans for boats, appellant would request an approval or certification that the funds would be available and that the funds would be paid on delivery from the bank. The appellee bank would be called and in turn would contact Romans to assure that the product was ordered. Appellee would then proceed to call back appellant, advise appellant to put the order into production and that a check would be honored upon receipt of the boats.

On the occasion in question, Romans paid appellant upon delivery of the boats with a check dated April 29, 1976, drawn on the account of Seabreeze Marine and Development Corporation at appellee bank in the amount of $24,121.00. An oral telephone stop payment order was received by the bank on May 6, 1976, and was initialed by a bank employee. When the check was presented on May 11, 1976, for payment at appellee's bank, appellee noted on it "refer to maker" and sent it back to appellant's depositary bank. Additionally, there were insufficient funds in the account on that date. On June 11, 1976, appellant again presented the check for payment at the appellee's bank and payment was again refused because of the stop payment order which had never been withdrawn. Also, according to testimony from a bank employee, the stop payment was again reiter-

ated on that date in a telephone conversation with Romans. Appellant asserts that the evidence of the parties' custom and practice through prior dealings is sufficient to establish that the representations were made and assurances were given by the appellee bank in this particular transaction. Appellant asserts that it relied upon these promises and representations in manufacturing the boats for Romans, shipping them to Houston and accepting a check in payment from Romans.

■ These points are not well taken. The points of error heretofore enumerated of appellant all are premised on the existence of an oral promise of the appellee bank to pay the check. As a general rule, a drawee bank is not liable upon a check until it accepts the check in writing. Tex.Bus. & Comm.Code Ann. §§ 3.409 and 3.410 (Vernon 1968), see also *The Groos National Bank v. Shaw's of San Antonio, Inc.,* 555 S.W.2d 492 (Tex.Civ.App.—San Antonio, 1977, writ ref'd n.r.e.). Appellant argues that § 3.409(b) which provides that: "Nothing in this section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other obligation or representation which is not an acceptance..." proposes that a drawee's liability may be established under other doctrines of law other than by acceptance under the code. As a manner of proving acceptance, appellant urges estoppel, asserting that an oral guarantee by the bank arose from the past cashing of checks by the bank and that appellant relied on this past course of dealings to its detriment. Appellee distinguishes the occasion in question here from the past course of dealings in that a stop payment was involved in the instant case, and that pursuant to Tex.Bus. & Comm. Code Ann. § 4.403(a) (Vernon 1968), no stop payment in writing was required. Appellee says that a written stop payment order would be only for the protection of appellee's bank and would not render the oral stop payment invalid. Further, appellee asserts that no evidence of his oral guarantee was offered in that no evidence was offered to prove: (1) why the stop payment should not have been honored by the bank, (2) any written or oral promise of the bank to pay the check, (3) any oral or written representation by the bank, (4) any written acceptance of the check by the bank, or alternatively, (5) any custom or course of dealing with the unique situation here of stop payment orders or boats with which the appellee had specific complaints. We agree with appellant that in the instant situation no evidence of representation by the bank that could have been relied upon by the appellant was offered and that the bank properly honored the oral stop payment of its customer. *The Groos National Bank v. Shaw's of San Antonio, Inc., supra* at 494; see also *Kilgore National Bank v. Moore Bros. Lumber Co.,* 129 Tex. 92, 102 S.W.2d 200 (1937).

■ The same arguments apply as to whether the actions of the bank amounted to an equitable assignment of funds or alternatively to a breach of contract. Appellant contends that under the evidence of past custom and course of dealings, namely Romans acknowledging to the bank the order and amount to be paid appellant, that an assignment of the amount in the account or a portion of its line of credit was made to the appellant, and therefore the bank was obligated to honor the check. Unlike *Banco Longoria, S.A. v. El Paso National Bank,* 415 S.W.2d 1 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.), which appellant relies upon for this proposition, no intent was shown by the bank to promote an equitable assignment of funds. Tex.Bus. & Com. Code Ann. § 3.409 (Vernon 1968) provides that the draft does not operate as an assignment of any funds and bars oral acceptance however disguised. Appellee asserts that no proof was offered that such funds were on deposit at the time of the alleged promise or that appellant has offered evidence of a call to Romans or the bank. We also do not agree with appellant's contention that a fact issue existed on whether there was an implied agreement to pay the check through evidence of the prior course of dealings. *Kilgore National Bank v. Moore Bros. Lumber Co., supra,* holds that a bank's oral promise to pay a check is unenforceable and that it makes no difference

whether the suit is on an acceptance, a breach or estoppel. Appellee correctly states that a custom or course of dealings is admissible to prove or interpret some of the terms of the contract independently made but that no Texas case establishes that a contract can be based solely on a prior course of dealings. Restatement (Second) of Contracts § 249 (1972). See also 13 Tex. Jur.2d 305; 25 C.J.S. 142, 143; *Oxford v. Rogers,* 238 S.W. 295 (Tex.Civ.App.—Fort Worth 1921, no writ). No course of dealings was established involving the circumstances of a stop payment or defective boats. Appellant's first, second and third points of error are overruled.

 Appellant asserts that the bank owed a fiduciary duty to appellee which arose out of their year relationship from February 1975 through April of 1976 wherein the appellee knew of appellant's reliance. Appellant argues *Thigpen v. Locke,* 363 S.W.2d 247 (Tex.1962) for the proposition that "the existence of the fiduciary relationship is to be determined by the actualities of the relationship between the persons involved." Appellee asserts that no evidence of a promise to pay the check was established and even with a written acceptance, the customer was entitled to the stop payment protection of § 4.403. Furthermore, appellee argues that no evidence of a fiduciary relationship was established. We agree. Appellant's fourth point of error is overruled.

In his final point of error, appellant urges that an illegal conspiracy to defraud appellee was supported by evidence of probative force and therefore should have been submitted to the jury. In this regard, appellant urges that no evidence established that Romans in fact made the stop payment order and that the bank one day after it had returned the.check took a security interest in the boats for a $100,000.00 loan to Romans and then offset the account on the debt to the bank. Appellant argues that proof of a conspiracy may be, and usually must be, made by circumstantial evidence and reasonable inferences and is not required to be established by direct evidence.

*International Bankers Life Ins. Co. v. Holloway,* 368 S.W. 567 (Tex.1963). However, we hold there was no evidence to support this theory and that the trial court did not err in directing a verdict against appellant. Appellant's fifth and final ground of error is overruled. The bank had an absolute right to stop payment under Section 4.403 of the Business and Commerce Code, and under Sections 3.409 and 3.410, no oral acceptance was effective, despite any form or theory in which such oral acceptance was alleged.

Judgment is affirmed.