**FIRST NATIONAL BANK OF COMMERCE, Texas,
Appellant,**

v.

**ANDERSON
FORD–LINCOLN–MERCURY,
INC., Appellee.**

**No. 05–84–00917–CV.**

Court of Appeals of Texas,
Dallas.

July 24, 1985.

John M. Skrhak, Jr., Vial, Hamilton, Koch & Knox, Dallas, Edgar J. Garrett, Jr., Faires & Garrett, Commerce, for appellant.

L. Stuart Platt, Crouch, Scott & Platt, Greenville, for appellee.

Before CARVER, VANCE and MALONEY, JJ.

## ON MOTION FOR REHEARING

VANCE, Justice.

The appellant's motion for rehearing is granted. Our former opinion is withdrawn and the following is now our opinion.

First National Bank of Commerce, Texas appeals from a judgment holding it liable for breach of contract, negligence, and conversion. Because we hold that the jury could have properly found the bank to be negligent, we affirm the trial court's judgment. However, we must remand the case for a determination of the amount of attorney's fees which can be recovered.

Jerry McKnight, a defendant below against whom a default judgment was entered, visited the bank and informed a vice-president that he planned to purchase a new truck. The next day McKnight represented to Anderson Ford that the bank had agreed to loan him the money to buy the truck. An Anderson Ford employee testified that he phoned the bank vice-president who told the Anderson Ford employee "draft on me for $13,000.00," the truck's list price. However, the bank never signed a written draft. Anderson Ford delivered the truck to McKnight and issued a refund check to him for $1,577.00, a manufacturer's rebate. The following day the bank vice-president phoned Anderson Ford and stated that there had been a mistake and that the bank would not finance McKnight's truck purchase. Anderson Ford twice submitted a draft to the bank which the bank refused to honor.

In four points of error, the bank contends: that no enforceable contract existed between Anderson Ford and the bank; that because the bank owed no legal duty to Anderson Ford, the bank was not negligent; that the bank did not convert the truck by retaining the certificate of title; and that Anderson Ford was not entitled to an award of attorneys' fees. We hold that the jury could have properly found the bank negligent; therefore, we affirm the judgment of the trial court.

■ In its second point of error the bank alleges that under TEX.BUS. & COM. CODE ANN. § 3.409(a) and 3.410 (Vernon 1968), it had an absolute right to dishonor the draft before written acceptance; consequently, it owed no legal duty to Anderson Ford in issuing oral drafting instructions. The bank did not become contractually liable on the draft because it did not accept the draft in writing. *Galaxy Boat Manufacturing Co. v. East End State Bank,* 641 S.W.2d 584, 586 (Tex.App.—Houston [14th Dist.] 1982, no writ). However, this does not preclude the bank's tort liability for its oral drafting instructions. TEX.BUS. & COM.CODE ANN. § 3.409(b) (Vernon 1968) provides:

(b) Nothing in this section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other obligation or representation which is not an acceptance.

Comment 3 to this section states that a drawee who fails to accept an item may be liable in tort because of his representation that he has accepted or that he intends to accept the item. Thus, section 3.409(a) does not preclude the bank's possible liability for negligence in issuing oral drafting instructions.

■ The issue then becomes what duty, if any, did the bank owe to Anderson Ford when it issued the drafting instructions over the telephone. TEX.BUS. & COM. CODE ANN. § 4.103 (Vernon 1968) states that a drawee bank has a duty "to exercise ordinary care" in handling items. Thus, the bank was under a legal duty to exercise ordinary care in issuing oral drafting instructions.

There are no Texas cases directly on point. In *Galaxy Boat Mfg. Co. v. East End State Bank,* 641 S.W.2d 584 (Tex.App.—Houston [14th Dist.] 1982, no writ), the court held that because a drawee bank is not liable on a check until it accepts the check in writing, the bank was not liable to

the payee for obeying its customer's oral order to stop payment on a check. However, the Houston court expressly noted that there was no evidence of any representation by the bank upon which the manufacturing company could have relied. *Galaxy Boat*, 641 S.W.2d at 586.

In the instant case the jury specifically found that the bank made representations indicating to Anderson Ford an intent to accept the draft, including the oral instruction to "draft on me for $13,000.00." The jury further found Anderson Ford was not contributorily negligent.

Moreover, there are cases from other states decided under the Uniform Commercial Code which uphold a drawee's liability for negligence under 3.409(b). In *Carroll v. Twin City Pontiac Used Cars, Inc.*, 397 So.2d 42 (La.App.—2nd Circuit, 1981) where the drawee bank breached an oral promise to honor a draft for partial payment of the purchase price of an automobile, the court found that, although the bank was not liable on the instrument, the bank was negligent in failing to exercise ordinary care in handling the item.

In *Peoples Bank in North Fort Myers v. Bob Lincoln, Inc.*, 283 So.2d 400 (Fla.Dist. Ct.App.1973) a bank orally informed a car dealer that a car purchaser's check would be honored, and the car dealer delivered the vehicle to the purchaser. A few days later, the bank dishonored the check. The Florida court held that, while the bank was not liable on the instrument, it was liable for negligence.

TEX.BUS. & COM.CODE ANN. § 1.102(b)(3) states that one of the underlying purposes of the act is to make the law uniform among the various jurisdictions. The Louisiana and Florida statutes are identical to TEX.BUS. & COM.CODE ANN. § 3.409(b) (Vernon 1968). We agree with their interpretation of 3.409(b). While the bank was not liable on the draft, it was legally proper for the jury to find it liable for negligence.

■ In its third point of error the bank contends that Anderson Ford should not have been awarded attorneys' fees as no statute permitting their recovery applied. Attorneys' fees are not recoverable in an action unless provided for by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). However, Anderson Ford's petition included a claim for declaratory relief to determine who held title to the automobile and the validity of the lien. Under TEX.STAT. ANN. art. 2524-1 § 10 (Vernon 1968), a trial court may award attorneys' fees in a declaratory judgment action "as may seem equitable and just." Thus, the trial court had the discretion to award attorneys' fees to Anderson Ford.

■ However, it is unclear what percentage of the attorney's fees awarded were attributable to the declaratory judgment action and what percentage were attributable to the breach of contract claim. Because the bank never issued and signed a written draft, no contract was ever formed between the bank and Anderson Ford. *Galaxy Boat Manufacturing Co. v. East End State Bank*, 641 S.W.2d 584, 586 (Tex. App.—Houston [14th Dist.] 1982, no writ). Furthermore, no statute permits recovery of attorney's fees for successfully prosecuting a negligence action. Therefore, this cause must be remanded for a determination of the amount of attorney's fees which were attributable to the declaratory judgment action; only that amount of attorney's fees is recoverable by Anderson Ford. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 180 (Tex.1981).

Because the bank owed a legal duty of ordinary care to Anderson Ford in issuing oral drafting instructions, the jury could properly have found the bank liable for negligence. Accordingly, we affirm the judgment of the trial court and remand the cause for a determination of what amount of attorney's fees are recoverable.

Affirmed.