Richard A. MELSON and Carmen M. Melson, Appellants,

v.

STEMMA EXPLORATION AND PRODUCTION COMPANY and Paul E. Gennings, Appellees.

No. 05–90–00510–CV.

Court of Appeals of Texas, Dallas.

Dec. 20, 1990.

Randall E. Hand, Dallas, Richard & Carmen Melson, Richardson, for appellants.

Cathy Gribble Ries, Dallas, for appellees.

Before McCLUNG, ROWE and BAKER, JJ.

## OPINION

BAKER, Justice.

The trial court entered judgment against Richard and Carmen Melson in favor of Stemma Exploration and Production Company and Paul E. Gennings for $3,800 as actual damages and as attorney's fees. In four points of error, the Melsons contend the trial court erred in its findings of fact and conclusions of law and the entry of judgment against them. We agree. We reverse the trial court's judgment and render judgment that Stemma and Gennings take nothing from the Melsons.

The Melsons as lessors and Stemma and Gennings as lessees entered into an equipment lease. After the equipment lease had been in effect for approximately nineteen months, the Melsons contended that Stemma and Gennings had defaulted under the lease and gave them notice of default. Stemma and Gennings responded to the default notice and requested specification of the default. The Melsons did not respond but filed this suit, contending Stemma and Gennings owed the accelerated balance of the lease.

Stemma and Gennings answered and asserted a counterclaim. They contended that they had not breached the lease and were not in default. They alleged the Melsons breached the lease by accelerating the balance and pursuing the lawsuit prior to a default. Stemma and Gennings then alleged:

Due to the Melsons' breach of the contract, Stemma and Gennings have retained the undersigned attorneys to represent them in this matter and have agreed to pay them their reasonable attorney's fees for their services. Therefore, Stemma and Gennings are entitled to recover all damages caused by the Melsons' breach of the contract as well as their reasonable and necessary attorney's fees, and costs of court pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

When the case was called for trial, the Melsons voluntarily nonsuited their cause of action against Stemma and Gennings. Stemma and Gennings then proceeded on their counterclaim against the Melsons. At the trial, Stemma offered Gennings and its attorney as witnesses. Gennings testified that the suit filed had an effect on his business to the extent of "[j]ust from *the loss of funds to defend the suit;* my time, its taken quite a lot of my time and it has a big effect on my employees." Gennings did not testify as to any amounts that either Stemma or he incurred as actual damages. His direct examination concluded with his statement that he did incur legal fees in defending the suit.

Stemma's attorney testified as an expert witness on attorney's fees. She said that as a result of the investigation and preparation of the defense of the lawsuit and the trial of the counterclaim, Stemma had incurred reasonable attorney's fees of $8,900. She also testified as to reasonable fees in the event of an appeal. On cross-examination, the attorney acknowledged that the lease did not contain any specific provisions permitting Stemma or Gennings to recover attorney's fees. She testified that section 38.001 provides for the prevailing party to recover attorney's fees for breach of a contract.

The record further reflects that after the parties rested and closed, Stemma's attorney agreed with the court that the only matter before the court was whether Stemma and Gennings were entitled to attorney's fees and, if so, in what amount. Following argument, the trial court stated, "Based on the evidence presented, judgment will be entered for the cross-plaintiff in the sum of thirty-eight hundred dollars for attorney's fees. Prepare the order."

Subsequently, findings of fact and conclusions of law were prepared and filed. The trial court found that Stemma and Gennings sustained actual damages as a result of the Melsons' breach of the lease by injury to their business, loss of business, and also by the attorney's fees they had been forced to incur in the lawsuit in the amount of $3,800. The trial court fur-

ther found that Stemma and Genning's necessary attorney's fees through the trial of the cause was $3,800 as actual damages. The trial court concluded that Stemma and Gennings were entitled to recover their actual damages and that their actual damages included attorney's fees of $3,800 incurred in defending against the Melsons' claims.

The Melsons contend the trial court erred in its findings of fact and conclusions of law that Stemma and Gennings were entitled to recover their attorney's fees as actual damages because there was no evidence of: (1) a contractual right to recover attorney's fees; and (2) any claim asserted by Stemma and Gennings against the Melsons to support recovery of attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. Neither Stemma nor Gennings filed a brief in this appeal.

On review, this Court may determine the sufficiency of a trial court's findings of fact and conclusions of law. *First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r. e.). The findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. The conclusions of law are reviewable when attacked as erroneous as a matter of law. *See Kinabrew,* 589 S.W.2d at 146.

■ Attorney's fees incurred in prosecuting a suit for or defending against a wrong are not ordinarily recoverable as actual damages. *See Houghton v. Wholesale Elec. Supply,* 435 S.W.2d 216, 220 (Tex.Civ.App.—Waco 1968, writ ref'd n.r. e.). Unless provided by statute or by contract, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract. *See First Nat'l Bank v. Anderson Ford–Lincoln–Mercury, Inc.,* 704 S.W.2d 83, 85 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *see also Houghton,* 435 S.W.2d at 220.

The record reflects that the agreement between the Melsons, Stemma, and Gennings does not contain a provision permitting Stemma and Gennings as lessees to

recover attorney's fees from the Melsons as lessors. Stemma and Gennings alleged in their counterclaim and contended at trial that they were entitled to recover their damages caused by the Melsons, as well as their reasonable and necessary attorney's fees, pursuant to section 38.001 of the Texas Civil and Practice Remedies Code. The record reflects that neither Stemma nor Gennings presented any evidence on damages other than the evidence adduced by their attorney about reasonable attorney's fees.

■ Section 38.001 of the Texas Civil Practice and Remedies Code permits a person to recover reasonable attorney's fees in addition to the amount of a valid claim and costs if the claim is based upon an oral or written contract. TEX.CIV.PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1986). For Stemma and Gennings to recover attorney's fees under section 38.001, they had to present a claim to the Melsons based on the lease. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.002(2) (Vernon 1986). Stemma and Gennings had no claim to present. There is no basis for Stemma and Gennings to recover attorney's fees under section 38.-001. *See American Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 547 (Tex.1986).

■ We hold as a matter of law that Stemma and Gennings are not entitled to recover attorney's fees: (1) as actual damages (*See Anderson*, 704 S.W.2d at 85; *Houghton*, 435 S.W.2d at 220); (2) under any lease provision; and (3) under section 38.001 of the Texas Civil Practice and Remedies Code (*See Swest*, 707 S.W.2d at 547). We sustain the Melsons' points of error one, two, and three.

We reverse the trial court's judgment and render judgment that Stemma Exploration and Production Company and Paul E. Gennings take nothing on their counterclaim against Richard A. Melson and Carmen M. Melson.