# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00026-CV

**Tom Kilpatrick and Janice Kilpatrick, Appellants**

**v.**

**Curtis Tomlin and Patsy Tomlin, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 176,055-B, HONORABLE BOBBY L. CUMMINGS, JUDGE PRESIDING

In one point of error, appellants Tom and Janice Kilpatrick contend that the district court erred in granting appellees= request for attorney=s fees. Because we cannot say that the district court abused its discretion in awarding the Tomlins= attorney=s fees, we overrule the Kilpatricks= point of error and affirm the district court=s judgment.

## BACKGROUND

This appeal arises from our remand in *Kilpatrick v. Tomlin*, No. 03-00-00419-CV (Tex. App.CAustin Mar. 15, 2001, no pet.) (not designated for publication), 2001 Tex. App. LEXIS 1703, at *1, in which Curtis and Patsy Tomlin sued their neighbors, Tom and Janice Kilpatrick, seeking monetary damages and equitable relief for the unlawful diversion of surface water. The Tomlins also requested attorney=s fees. *Id.* This Court affirmed the district court=s judgment with respect to an injunction requiring

the Kilpatricks to construct a drainage ditch and a detention pond on their property, and the award of

expenses, but we reversed and rendered that portion of the judgment awarding actual and exemplary

damages. *Id.* at *21. Because there was no evidence in the record supporting the amount of attorney=s

fees awarded, we also reversed and remanded that portion of the judgment regarding attorney=s fees. *Id.*

On remand, the district court, after an evidentiary hearing, ordered the Kilpatricks to pay $17,492.01 in

attorney=s fees plus interest to the Tomlins. The Kilpatricks appeal from that order.

## DISCUSSION

The Kilpatricks contend that the trial court abused its discretion in awarding the Tomlins

almost $17,500 in attorney=s fees. Specifically, they claim that the amount is unwarranted and excessive

because the Tomlins did not prevail on all issues in the lawsuit. We interpret this contention as challenging

the reasonableness and necessity of the attorney=s fees.

The trial court may award those fees that are Areasonable and necessary@ for the

prosecution of a case. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (West 1997); *Bocquet v.

Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Attorney=s fees are not recoverable in an action unless

provided for by statute or by contract between the parties. *First Nat=l Bank v. Anderson Ford-Lincoln-

Mercury, Inc.*, 704 S.W.2d 83, 85 (Tex. App.CDallas 1985, writ ref=d n.r.e.). The award of attorney=s

fees in this case is based on the Uniform Declaratory Judgments Act, which provides that a Acourt may

award costs and reasonable and necessary attorney=s fees as are equitable and just.@ Tex. Civ. Prac. &

Rem. Code Ann. ' 37.009.

The amount of an attorney=s fees award rests in the sound discretion of the trial court, and

2

its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

At the evidentiary hearing, the Tomlins= trial counsel, Randy Harrell, testified generally that he was an attorney and had practiced law in Temple for more than seven years. Regarding this case specifically, he testified that he handled the case from its inception through trial. He also stated that he, along with the attorney handling the attorney=s fees hearing, assisted in the original appeal. Harrell further testified to the time and labor required for trial and appeal of the cause and the reasonableness of the attorney=s fees charged, explaining that he was familiar with reasonable and necessary attorney=s fees in Bell County and the customary fees charged in Bell County for similar legal services. Although he testified to the number of hours worked and fees charged as recorded in his firm=s billing records, he did not introduce into evidence any of those records. The Kilpatricks= attorney cross-examined Harrell concerning the reasonableness of the fees in light of this Court=s reversal of the damages award.

In a declaratory judgment action, there is no requirement that a party prevail to receive an award of attorney=s fees. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 37.009; *Barshop v. Medina County Underground Water Conservation Dist*., 925 S.W.2d 618, 637 (Tex. 1996). Rather, the award of attorney=s fees in a declaratory judgment action is solely within the trial court=s discretion. *Barshop*, 925 S.W.2d at 637. The Kilpatricks did not challenge Harrell=s hourly rate or the services provided. Based on Harrell=s testimony, we hold that the trial court did not abuse its discretion in awarding attorney=s fees in the amount of $17,192.01 plus interest.[1] The Kilpatricks= point of error is overruled.

## CONCLUSION

Having overruled the Kilpatricks= point of error, we reform the judgment to reflect an award of $17,192.01, and, as reformed, we affirm the trial court=s judgment.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reformed and, as Reformed, Affirmed

Filed: June 27, 2002

Do Not Publish

---

[1] The trial court=s judgment reflects an award of attorney=s fees and costs of $17,492.01; however, as appellees points out, the correct amount should be for $17,192.01.

4