**Affirmed and Opinion Filed July 2, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01014-CV

## SPIN DOCTOR GOLF, INC., Appellant
## V.
## PAYMENTECH, L.P., Appellee

On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-06-01585-I

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Spin Doctor Golf, Inc. appeals from a summary judgment granted in favor of Paymentech, L.P. It asserts: (1) the trial court abused its discretion by denying its motion to designate expert witnesses; (2) the law of the case doctrine barred the trial court's grant of summary judgment; and (3) that Spin Doctor's response raised fact issues precluding summary judgment. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

BACKGROUND

The history of this case is detailed in our opinion in a prior appeal and we do not repeat it here. *See Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 363 (Tex. App.—Dallas 2009, pet. denied). In that prior appeal, we affirmed the trial court's judgment in all respects but one:[1] we reversed the trial court's summary judgment against Spin Doctor's breach of contract claim based on Paymentech's statute of limitations affirmative defense and remanded the case to the trial court for further proceedings.

After remand, Spin Doctor moved to designate expert witnesses and to modify the scheduling order. The trial court denied the motion. Paymentech filed a no-evidence and traditional motion for summary judgment as to Spin Doctor's breach of contract claim. The trial court granted the motion without specifying the grounds for doing so. Spin Doctor appeals.

## DESIGNATION OF EXPERTS

Failure to timely designate witnesses results in automatic exclusion of the witnesses. TEX. R. CIV. P. 193.6(a). To avoid this result, a party must establish either good cause for the late designation, or that the failure to designate witnesses timely will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a), (b); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied). Good cause allows a trial court to excuse a party from its failure to comply with discovery requirements in difficult or impossible circumstances. *PopCap Games*, 350 S.W.3d at 718. We review the trial court's decision for an abuse of discretion. *Id.*

Prior to the first appeal, after venue in this case was transferred to Dallas, the trial court

---

[1] We did not address Spin Doctor's issue complaining about the exclusion of witnesses as untimely designated. *Spin Doctor*, 296 S.W.3d at 363 n.3.

entered a level two scheduling order resulting in a discovery deadline in December 2006.[2] Under this order, Spin Doctor's deadline to designate experts was September 11, 2006. Spin Doctor did not designate its experts by this deadline.

At a hearing on December 6, 2006, the trial court indicated the case would likely not be reached at its current setting and encouraged the parties to meet and agree to a new scheduling order. However, the parties never reached an agreement on a new scheduling order. On April 4, 2007, the trial court reset the trial date to July 9, 2007, and notified the parties that all remaining provisions of the pre-trial scheduling order remained in effect.

Spin Doctor designated its experts on May 11, 2007, two months before the then-current trial setting, and filed a motion for continuance. The trial court granted the continuance, but referred the designation of experts to the special master for discovery appointed in the case. The special master ruled that Spin Doctor had not shown good cause for its late designation of five experts and had not shown a lack of unfair surprise or prejudice from the late designation. The master recommended the trial court strike the five experts; the trial court adopted the master's recommendation.

Following the remand, Spin Doctor filed a motion to designate experts and enter a scheduling order. The trial court denied the motion.

In its first issue, Spin Doctor asserts the trial court abused its discretion by denying its motion to designate expert witnesses. In support of its issue, Spin Doctor makes three arguments.

First, Spin Doctor argues the trial court had no basis for denying its motion because there

---

[2] Under level two, the discovery deadline is the earlier of nine months after the response to the first written discovery is due or thirty days before trial. TEX. R. CIV. P. 190.3(b)(1). The deadline for designating plaintiff's experts is ninety days before the discovery deadline. TEX. R. CIV. P. 195.2(a).

was no scheduling order in place at the time Spin Doctor sought to designate its experts. The basis for this argument is that at the December 2006 hearing, the trial court asked the parties to agree to a new scheduling order and defendants did not object that the old order was still in place.

We reject Spin Doctor's argument because the trial court did not affirmatively vacate the prior scheduling order and later sent a notice resetting the trial date that stated all other provisions of the pre-trial scheduling order remained in effect. The parties were unable to agree to a new scheduling order; thus, the prior order remained in effect.

Second, Spin Doctor argues it showed good cause for the untimely designation of its experts because it was clear from the outset that it would need expert testimony to prove its claim for lost profit damages. However, Spin Doctor failed to show it was unable to comply with the discovery deadline due to difficult or impossible circumstances. Spin Doctor's need for the experts on lost profit damages was apparent to it at the time it filed this lawsuit and there was evidence Spin Doctor had identified the experts several months before they were designated. Yet nothing in the record indicates it was impossible or even difficult for Spin Doctor to designate its experts by the deadline. Spin Doctor's need for experts to prove its damages does not establish good cause for not timely designating the experts. *See PopCap Games*, 350 S.W.3d at 718 (inadvertence of counsel, lack of surprise, or the uniqueness of the excluded evidence, standing alone, do not constitute good cause).

Spin Doctor also argues it had good cause for late designation of its experts because Paymentech abused the discovery process by failing to produce documents timely and other alleged abuses. But these alleged abuses do not explain why Spin Doctor was prevented from designating experts about its lost profit damages. The data necessary to calculate a plaintiff's

lost profits will come almost entirely from the plaintiff's own business records of past revenues and expenses and projections of future profits.

Lastly, Spin Doctor argues Paymentech was not unfairly surprised or prejudiced by Spin Doctor's late designation of experts because Paymentech knew Spin Doctor would need experts and the experts were designated over eight months before trial. Spin Doctor contends that after remand there was no showing of surprise by designating its experts because the trial date was several months away. However, "we focus on whether the evidence will cause unfair surprise or prejudice, and not on whether the 'issue' to which the evidence is directed will unfairly surprise or prejudice the other parties." *PopCap Games*, 350 S.W.3d at 718. "The fact that a party needs an expert to establish its cause of action does not establish that other parties will not be unfairly surprised by the late designation of an expert." *Id*. Offering to permit depositions of late-designated experts does not show the absence of unfair surprise or prejudice. *Id.*

In response to Spin Doctor's motion, Paymentech asserted it was forced to conduct discovery in the dark without knowing what Spin Doctor's damages were and how they were calculated. Paymentech argued to the trial court master that Spin Doctor had resisted discovery about its damages for several months. Spin Doctor designated five expert witnesses on damages just two months before the July 2007 trial setting, but did not produce expert reports for those witnesses. The record does not indicate whether Spin Doctor has tendered reports for the excluded experts and, if not, how long it would take for reports to be prepared. The trial court could reasonably have concluded that Spin Doctor did not meet its burden to show the absence of unfair surprise or prejudice. *See id.* at 719.

We conclude the trial court did not abuse its discretion by striking Spin Doctor's experts or by denying its motion to designate experts. *See PopCap Games*, 350 S.W.3d at 718–19. We

overrule Spin Doctor's first issue.

## LAW OF THE CASE

Spin Doctor's second issue argues the law of the case doctrine precludes the trial court's summary judgment. Focusing on a single phrase from our prior opinion, "the parties' agreement constituted a continuing contract," Spin Doctor asserts we finally determined that a contract existed between the parties. *See Spin Doctor*, 296 S.W.3d at 363. We disagree. The issue on appeal was whether Spin Doctor's asserted claim for breach of contract was barred by the statute of limitations.[3] We determined only that the trial court erred by granting summary judgment on that ground because the contract as alleged by Spin Doctor fell within the continuing contract exception to the statute of limitations. *See Spin Doctor*, 296 S.W.3d at 362–63.

On remand, Paymentech did not again claim that the statute of limitations barred the alleged breach of contract claim. That legal question was decided by our prior opinion. Rather, Paymentech asserted new summary judgment grounds, which were neither presented nor decided in the prior appeal. The law of the case doctrine does not apply to these new grounds. *See Hudson v. Wakefield*, 711 S.W.2d 628, 631 (Tex. 1986) (prior opinion holding that one of terms of contract was a covenant and a fact issue existed precluding summary judgment did not prevent sellers on remand "from asserting other defensive theories, including those attacking the validity of the contract, at a subsequent trial on the merits"). We overrule Spin Doctor's second issue.

## SUMMARY JUDGMENT

In its third issue, Spin Doctor asserts it raised fact issues that precluded the entry of summary judgment on its breach of contract claim. We review the trial court's summary

---

[3] As we pointed out in our opinion, Paymentech asserted three grounds for summary judgment: (1) statute of limitations; (2) the tort claims were barred by the economic loss rule; and (3) forgery is not an independent tort. On appeal, Spin Doctor challenged only the ground that the breach of contract claim was barred by limitations. *Spin Doctor*, 296 S.W.3d at 361–62.

judgment de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  We apply the well-established standards for reviewing summary judgments.  *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standards of review); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review).

On remand, Paymentech moved for summary judgment on the grounds that Spin Doctor had no evidence of damages for breach of contract, Spin Doctor was not a party to the alleged oral contract, and Spin Doctor was bound by the summary judgment granted against its predecessor, Spin Doctor, Ltd.  The trial court granted summary judgment without specifying the grounds it relied on.

Spin Doctor claimed three elements of damages resulting from the alleged breach of contract:  lost profits, consequential damages, and attorney's fees.  In response to Paymentech's motion for summary judgment, Spin Doctor relied on an affidavit by its president, Marc Davenport, to show evidence of lost profits.  However, the trial court had previously struck Davenport as an expert on lost profits because he was not qualified to give an opinion on lost profits.  That ruling was affirmed in the first appeal.  *See Spin Doctor*, 296 S.W.3d at 360–61.

Moreover, Davenport's affidavit is conclusory and does not state objective facts, figures, or data to show an amount of lost net profits.[4]  *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex. 2010) (opinions or estimates of lost profits must be based on objective facts, figures, or data from which amount of lost profits can be determined with reasonable

---

[4] Davenport stated that

the disruption of [Spin Doctor's] cash flow caused it to cancel its advertising program which resulting [sic] in an immediate reduction in sales.  This in turn caused the loss of sales, profits, and impacted the ability of Spin Doctor Golf, Inc. to pay its overhead and continue forward in its business operations.  The actions of Defendants have proximately caused damages as stated above in a sum as outlined in my expert report.

certainty). An owner of a business may provide evidence of lost profits, but that evidence must meet the standards of reasonable certainty. *See ERI Consulting*, 318 S.W.3d at 876; *HHT Ltd. v. Nationwide Recovery Sys., Ltd.*, No. 05-11-01058-CV, 2018 WL 2395108, at *2–3 (Tex. App.—Dallas May 31, 2013, no pet. h.) (mem. op.). A business owner's conclusory or speculative testimony of lost profits will not support a judgment. *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 157 (Tex. 2012); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992).

Spin Doctor claimed $375 as consequential damages for the cost to modify its computer system to use a new credit card processing company. Consequential damages result naturally, but not necessarily, from the defendant's wrongful acts. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997). Consequential damages are not recoverable unless the parties contemplated at the time they made the contract that such damages would be a probable result of the breach. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981) (citing *Hadley v. Baxendale*, 9 Ex. Ch. 341, 354 (1854)). Consequential damages must be foreseeable and directly traceable to the wrongful act and result from it. *Stuart v. Bayless*, 964 S.W.2d 920, 921 (Tex. 1998) (per curiam).

Here, Spin Doctor presented no evidence that the expenses were contemplated by the parties at the time of the alleged contract to be a probable result of a breach or that they resulted from breach of the alleged oral contract as opposed to a later written agreement.

Finally, Spin Doctor claims it was required to hire an attorney as a result of the breach of contract. The only basis for recovering attorney's fees alleged in Spin Doctor's live petition was section 38.001 of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. A party may recover attorney's fees under the statute only if the fees are in addition to a

valid claim for damages. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1996) (party must prevail on a claim within the statute and recover damages to be entitled to award of attorney's fees). Thus, Spin Doctor may not recover attorney's fees as damages for breach of the alleged contract. *See Melson v. Stemma Exploration & Prod. Co.*, 801 S.W.2d 601, 603 (Tex. App.—Dallas 1990, no writ).

We conclude Spin Doctor presented no evidence of damages in response to Paymentech's no-evidence motion for summary judgment. Accordingly, the trial court did not err by granting summary judgment. We need not address the other grounds raised for summary judgment. *See* TEX. R. APP. P. 47.1. We overrule Spin Doctor's third issue.

## CONCLUSION

The trial court did not abuse its discretion by striking Spin Doctor's expert witnesses or denying its motion to designate experts. Nor did the trial court err by granting Paymentech's motion for summary judgment. Accordingly, we affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

111014F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SPIN DOCTOR GOLF, INC., Appellant

No. 05-11-01014-CV     V.

PAYMENTECH, L.P., Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-06-01585-I.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PAYMENTECH, L.P. recover its costs of this appeal from appellant SPIN DOCTOR GOLF, INC.

Judgment entered this 2nd day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE